## McMasters *versus* Blair.

Where an issue *devisavit vel non* is directed by the register to the Court of Common Pleas, and a verdict is found by the jury, judgment is to be entered thereon, with costs, as in other cases.

Where the Supreme Court gives judgment in a case brought up by writ of error, and the record is remitted, it becomes a judgment on the record of the court below, and is to be enforced in the same manner as if originally entered there.

Where this court reverses a judgment on an issue *devisavit vel non*, and enters judgment for the other party, with costs, this includes the costs in the Common Pleas and on error, but not costs arising before the register.

ERROR to the Common Pleas of *Crawford county.*

This was an issue *devisavit vel non*, directed by the register of Crawford county, to try the validity of a paper propounded for probate as the will of Robert Blair, deceased, in which John McMasters was plaintiff, and Martha Blair defendant.

There was a verdict against the will; but on error to this court the judgment of the Common Pleas was reversed, and judgment was here entered in favour of the plaintiff, with costs. See 5 *Casey* 298.

On the record being remitted to the Common Pleas, the plaintiff issued execution for his costs. This execution was quashed by the court below, for the following reasons assigned in the opinion of the learned president:—

" On a feigned issue *devisavit vel non* from the Register's Court, as we understand the law, there is no power vested in the Court of Common Pleas to render any judgment whatever. All that that court is authorized to do, under the provisions of the Act of Assembly, is simply to certify back to the court from which the issue is directed, the facts as found by the jury. The Court of Common Pleas can render no other judgment than simply to order a certificate of its doings to the court from whence the issue proceeded. By the decision of the Supreme Court, not the judgment of the Common Pleas was reversed, for there could be no judgment rendered to remove to that court, but the finding of the jury —its verdict was removed, and all that could be intended by the removal and judgment for the plaintiff, was, that the certificate to the Register's Court should be in favor of the plaintiff, instead of for the defendant according to the verdict of the jury."

The plaintiff thereupon sued out this writ, and here assigned the same for error.

*Finney* and *Farrelly*, for the plaintiff in error, cited Vansant *v.* Boileau, 1 *Binn.* 444; Baker *v.* Williamson, 2 *Barr* 116; Hipple *v.* Hoffman, 2 *Watts* 85; 6 *Watts* 533.

[McMasters *v.* Blair.]

*Church,* for the defendant in error, cited 5 *Binn.* 26; 3 *S. &*
*R.* 410; 3 *Binn.* 30; 4 *Rawle* 368; *Brightly's Purd.* 707,
pl. 18.

The opinion of the court was delivered by

LOWRIE, C. J.—There ought not to have been any further diffi-
culty about this case; for its principles are very plain. It was
an issue of fact required in the probate of a will. The real case
was the one before the register; and this was ancillary to that,
assuming a partially fictitious form before another forum, and
hence is called a feigned issue. In its usual form, it appears
as an action for damages for a breach of a contract, depending
upon a real issue of fact material to the case before the register.

Such is the form intended by the writ which is issued by the
register to the court that is to try the issue, and which is equiva-
lent to the original writ of the English common law, and gives to
the Common Pleas jurisdiction of the case. According as the
issue is found by the jury, judgment is entered with costs as in
other cases. This has always been the practice in this class of
cases. If this form was not strictly followed in this case, it was
treated as if it had been. If no judgment was entered on the
verdict before the former writ of error was taken, this was not
objected to then, and cannot now be. There ought to have been
a judgment, and a certified copy of the record is the proper form
of certifying to the register the facts established by the trial.

When a case is brought into this court by a writ of error, the
whole record is brought up, and the judgment entered here is con-
sidered as entered on the record; and when our judgment is re-
mitted with the record to the inferior court, it becomes a judgment
on the record there, and is to be enforced in the same manner as
if originally entered there. It is no longer here for execution.

In this case, we entered a judgment for costs, and remitted the
record to the Common Pleas, and thereby devolved on that court
the duty of executing the judgment. An execution was issued
pursuant to the judgment, and it was error in the court to set it
aside. The costs allowed by our judgment were, the costs in this
court and in the Common Pleas on the feigned issue, and for these
the plaintiff in error is entitled to execution, but not for any
costs arising before the register.

The order setting aside the execution is reversed at the
costs of Martha Blair, the defendant in error, and the
record is remitted, with leave to the plaintiff, John
McMasters, to take out execution for his costs of suit.