# Crawford *v.* Schooley, Appellant.

*Wills—Probate—Appeals from register—Jurisdiction of orphans' court—Practice, O. C.*

On an appeal to the orphans' court from the decree of the register of wills, admitting a will to probate, where the appellant produces a paper testamentary in character, bearing a later date, and proved as to its execution by two witnesses, the orphans' court should open the decree admitting to probate the earlier will, and direct that the appellant produce before the register, the paper which he claims to be a later will, and proceed to make proof of its execution and validity in the usual manner. The court has no jurisdiction on the appeal from the probate of the earlier will to consider an application for an issue to determine the validity of the paper alleged to be a later will.

When the subscribing witnesses to a paper purporting to be a will, testify to its due execution, an issue to determine the genuineness of the instrument, if requested by the proponent, is a matter of right.

Argued Feb. 25, 1907. Appeal, No. 71, Jan. T., 1907, by defendant, from decree of O. C. Lackawanna Co., No. 75, of 1905, dismissing appeal from register in case of Estate of James L. Crawford. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Appeal from register of wills.

SANDO, P. J., filed the following opinion:

The decedent, James L. Crawford, a resident of Scranton, Pennsylvania, died in Florida on February 19, 1905, leaving to survive him a widow, Huldah A. Crawford, and a stepson, James G. Shepherd. On February 27, a will dated September 13, 1896, was probated and his widow appointed executrix. By this will, with the exception of an inconsiderable legacy to a sister and a comparatively small devise to his stepson, his entire estate was given to his widow. The personal estate left by Mr. Crawford, as shown by the inventory and appraisement filed, amounted to $971,802. In addition, he left real estate as shown by the testimony, some of which was rented and yielding an income of about $750 per month, and the rest consisting of his Scranton and Florida homes. On June 27, 1906, sixteen months later, George B. Schooley took an appeal to the orphans' court from the decision of the register, admitting to probate the will dated September 13, 1896, as the last will and testament of the decedent, and granting letters testamentary thereon.

On June 30, 1906, Mr. Schooley presented his petition to the orphans' court praying that a citation issue to Huldah A. Crawford and J. G. Shepherd commanding them to appear and answer the petition and to show cause why such appeal should not be sustained and an issue awarded. In this petition he averred that on January 30, 1905, James L. Crawford, at the city of Philadelphia made his last will and testament, a copy of which was attached as part of the petition. To this citation a suggestion was filed August 13, in which the respondents stated they were informed that there had been a codicil accompanying the proposed will and asking for a citation for its production before they should make answer. Such a citation was issued and in response to it on August 28, the petitioner presented the proposed codicil dated January 30, 1905. To this petition as thus completed the respondents filed their answer, in which they suggested, inter alia, that the alleged will and codicil produced by the petitioner were forgeries and that the signatures of James L. Crawford to the will and codicil had been forged.

Upon the issue made up a hearing was had, the questions being, stating them in the language of the petition :

" (a) Whether said paper writing dated September, 1896, is the last will and testament of James L. Crawford, deceased.

" (b) Whether the said James L. Crawford, deceased, executed the will dated New York, N. Y., December 16, 1904, and witnessed by A. N. Bahman and C. F. Riedel, and whether at the same time, on January 30, 1905, he executed a codicil thereto."

The rules of law governing this case are simple and well settled. The forty-first section of the Act of March 15, 1832, P. L. 135, declares : " Whenever a dispute upon a matter of fact arises before any register's court the said court shall, at the request of either party, direct a precept for an issue to the court of common pleas of the county for the trial thereof." The orphans' courts possess all the jurisdiction and powers formerly vested in the " registers' courts : " Constitution of 1874, article 5, section 22; Act of May 19, 1874, section 6, P. L. 206. The construction given by the courts to this statute clearly leaves it in the discretion of the court to determine in any given case whether a substantial dispute as to material facts has arisen which must be submitted to a jury.

The test by which the court is to determine whether such a substantial dispute has arisen is now well settled in a number of decisions. Substantially in the dispute is that a verdict could be supported by a trial judge upon a review of all the evidence : DeHaven's Appeal, 75 Pa. 337 ; Harrison's Appeal, 100 Pa. 458 ; Schwilke's Appeal, 100 Pa. 628 ; as to whether or not a signature is genuine is that a verdict in favor of the genuineness could be supported upon a review of the whole evidence. There is only one safe and reliable test. If the testimony is such that after a fair and impartial trial resulting in a verdict against the proponent of the alleged will, the trial judge, after a careful review of all the evidence, would feel constrained to set aside the verdict as contrary to the manifest weight of the evidence, it cannot be said that a dispute, within the meaning of the act, has arisen : Knauss's Appeal, 114 Pa. 10 ; Sharpless's Estate, 134 Pa. 250 ; Tallman's Estate, 148 Pa. 286 ; Douglass's Estate, 162 Pa. 567.

It is not our purpose to review the numerous cases which

have been decided, having a bearing on the matter under consideration. In some of the cases it is held that the granting of an issue is within the discretion of the court. This position renders it necessary that the court shall, to some extent at least, make judicial inquiry into the facts. The discretion to be exercised in such case must not be arbitrary or willful, but it must be based upon facts, the knowledge of which is judicially acquired. If this court has no power to judge whether there are in truth matters in dispute affecting the merits of the controversy, it has no duty to perform but to certify alleged facts to another court, to register the decision of that court when it is returned, and to enter a decree in accordance therewith.

After a careful consideration, aided by the light of the many cases cited upon argument, and others, we have no difficulty in reaching the conclusion that the court not only has the power, but is charged with the duty to ascertain from the evidence adduced by the parties, whether there are material disputed facts, and whether the character of such dispute is such that if the facts found by a jury in favor of one who requests the issue, such finding could upon consideration of the whole evidence in good conscience be sustained.

Having reached a conclusion as to the correct rules to apply in a case like the present, our next duty is to apply them.

Why in any event or under any circumstances refer evidence to a jury when, if their verdict should be against the weight of it, it would have to be set aside? We have taken up the evidence to determine whether there is a substantial dispute demanding an issue. If evidence be so strong as necessarily to produce certainty and conviction, it matters not by what kind of evidence the effect is produced; and the intensity of the proof must be precisely the same, whether the evidence be direct or circumstantial.

When it is stated that a fact has been established by direct and positive evidence, it is meant that it has been testified to by witnesses as having come under the cognizance of their senses, and of the truth of which there seems to be no reasonable doubt or question; and when it is stated that a fact has been established by circumstantial evidence, it is meant that the existence of it is fairly and reasonably to be inferred

from other facts proved in the case. When circumstances connect themselves closely with each other, when they form a large and strong body, so as to carry conviction, it may be proof of a more satisfactory sort than that which is direct.

On the part of the petitioner it is claimed that to entitle him to an issue, all that is required of him is to establish by the proofs a prima facie case. On the part of the respondents it is claimed that an issue ought not to be directed if upon the whole evidence as well that of the petitioner as that of the respondents a verdict ought not to be allowed to stand. We think the latter is the principle which must guide us in the disposition of the case.

Applying the principles of law which are well established by the authorities, we are irresistibly led to the conclusion that the issue as prayed for must be refused. It is true that the petitioner and the two subscribing witnesses have testified that they saw the decedent sign his name to the alleged will and codicil, and ordinarily it might be said that such testimony should be sufficient to support a verdict in accordance with it, but upon consideration of the overwhelming evidence to the contrary we could not in conscience allow such a verdict to stand. We would subserve no purpose in discussing the circumstances which so convince us. It would require too much time and space. But we are satisfied that a disinterested reading and consideration of all the evidence cannot fail to satisfy anyone that it would be unrighteous to grant the issue prayed for. Appeal dismissed and demand for an issue refused.

*Error assigned* was the decree of the court.

*W. U. Hensel,* with him *S. B. Price,* for appellant.

*Welles & Torrey,* with them *Roswell H. Patterson* and *Joseph O'Brien,* for appellees.

Opinion by Mr. Justice Stewart, April 1, 1907:

This proceeding, so far as it was an appeal from the decree of the register admitting to probate the will of James L. Crawford, bearing date of September 13, 1896, was entirely

regular; so far as it was a proceeding to determine whether the alleged will bearing date of January 30, 1905, was a forgery, it was not only irregular, but was coram non judice. This latter results necessarily from the fact that in the probate of wills the orphans' court is without original jurisdiction. The appeal here put at issue a single question, and that related exclusively to the will which had been admitted to probate—was it the testator's last will? Appellant contended that it was not, and to establish his contention, he produced a paper purporting to be a will of the same testator executed more than eight years subsequent to the date of the will probated. This paper was in the case simply as matter of evidence. An adjudication in appellant's favor would not have established it as a will; that could only be done in the first instance through the probate of the register, and the correctness of his adjudication could only be inquired into by the orphans' court on appeal. The paper had never been before the register; it had never been the subject of a judicial decree, and was not before the court in this proceeding except as evidence in connection with the issue being tried. To make effective his appeal, all that was required of appellant was to prove by two witnesses the execution of the paper he produced. It bore a later date, and was clearly testamentary in its character. If proved by two witnesses, then prima facie, the will that had been admitted to probate was not a last will. This much was done, and the inquiry should have there ended. What remained was for the orphans' court to open up the decree admitting to probate the earlier will, and direct that the appellant produce before the register the paper which he claimed to be a later will, and proceed to make proof of its execution and validity in the usual manner. Whether the paper so offered for probate was forged or genuine would then become a question to be inquired into, if contested on such ground, and the orphans' court, either upon the appeal from the register's decree, or upon certificate from him that the case presented a difficult and disputable question, would have jurisdiction to determine it. On an appeal from the decree of the register with respect to some other will, it had no authority to make such inquiry, and its conclusion with respect to it was without effect. The application for an issue to test the genuineness of the paper

alleged to be a later will was premature, and the proceeding under it may be wholly disregarded. If authority is needed for the view here expressed, it may be found in Cawley's Estate, Cawley's Appeal, 162 Pa. 520.

Since the question considered by the court below—to no purpose as we have seen—is sure to arise when the disputed will shall come to be offered for probate, we take occasion here to say that in proceedings of this character, when the subscribing witnesses to a will testify to its due execution, an issue to determine the genuineness of the instrument, if requested by the proponent, is a matter of right.

The decree appealed from is reversed, and the record remitted for further proceedings in accordance herewith.