## Hohein's Estate.

*Wills—Probate—Issue—Jurisdiction of orphans' court—Jurisdiction of common pleas.*

1. Where on an issue to determine the validity of a will, a jury in the common pleas finds a verdict against the will, and the proceedings with the will are certified back to the orphans' court, and thereafter the judgment is opened in the common pleas, and another trial is had without the will having been brought back from the orphans' court and produced at the trial, and a verdict is rendered in favor of the will, but the proceedings are not returned to the orphans' court, the latter court has no jurisdiction thereafter to enter an order on the common pleas requiring that the disputed instrument should be returned to the orphans' court (from which it had not been taken) with a certificate that judgment had been entered in the common pleas against the validity of the document.

2. As between the common pleas and the orphans' court, neither is superior to the other, but both of like rank and grade, and each distinct and separate with respect to jurisdiction.

3. The power exists to compel compliance by a judicial tribunal with a statutory duty; but that power is never conferred upon a tribunal of equal rank and grade with that complained against as being in default.

Argued Jan. 6, 1919. Appeal, No. 95, Jan. T., 1918, by The Union Trust Company, Trustee, from order of O. C. Lancaster Co., June T., 1902, No. 47, discharging rule to amend or correct record in Estate of Oscar Hohein, deceased. Before STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Appeal quashed.

Rule to amend or correct record.

From the record it appeared that on January 22, 1918, the orphans' court granted a rule to show cause why the court should not "amend or correct the record of the Orphans' Court to June Term, 1902, No. 47, by making an order that the will in dispute should again be returned to the Orphans' Court with a certificate of the result of the trial, and that a final decree be entered in the Orphans' Court sustaining the validity of said will and directing its probate, in accordance with the Act of Assembly in such case made and provided, or that the Court make whatever order in the premises as to it may appear just and proper."

The court discharged the rule. The Union Trust Company of Lancaster, trustee, appealed.

*Error assigned* was order discharging the rule.

*B. F. Davis,* for appellant.

*F. Lyman Windolph* and *M. G. Schaeffer,* for appellees.

OPINION BY MR. JUSTICE STEWART, May 12, 1919:

The appellant's effort here is to correct and supply by this proceeding a defective record, with a view to

change the manner of distribution of the estate of Oscar
Hohein, deceased, from that adopted by the orphans'
court, which was as in cases of intestacy, and substitute
therefor the directions of a certain instrument which
appellant insists is the legally established last will and
testament of the said Oscar Hohein. In the case of
Union Trust Company v. Peoples Trust Company, 254
Pa. 385, we had occasion to pass on the sufficiency of this
record to sustain the contention here made by the appel-
lant as to the legal significance and effect of the instru-
ment claimed to operate as a last will, and upon a very
careful review of the case we were all of one mind that, as
the record stood, the orphans' court having nothing be-
fore it but its own record, the decree revoking the pro-
bate of the disputed instrument was the equivalent of a
decree of intestacy, and distribution of the decedent's
estate was to be in accordance with the intestate law. The
orphans' court record showed, (1), an appeal from the
decree admitting to probate the instrument appellant
relied on as the will of Oscar Hohein; (2), a precept for
an issue in the usual form, with the alleged will attached
thereto, directed to the common pleas and filed in that
court June 12, 1903; (3), return of the precept with the
alleged will, reciting that on trial of the issue verdict was
rendered against the validity of the will; and, (4), de-
cree of January 14, 1904, reciting all these proceedings
and vacating the probate of the instrument. The record
of the common pleas does show that subsequently, Sep-
tember, 1906, on a rule granted, the judgment on the ver-
dict in that court was opened, and a new trial granted,
resulting in a verdict sustaining the validity of the in-
strument as a will, which instrument during all this
period remained with the orphans' court, to which court
it had been returned with the precept for an issue. No
judgment had been entered in the common pleas on the
second verdict; no certificate had been sent from the
common pleas to the orphans' court as to the result of
the second trial; no revocation of the decree of the or-

phans' court vacating the probate of the instrument, and no production of the contested instrument at the second trial in the common pleas. It was upon these facts appearing in the case of Union Trust Company v. Peoples Trust Company, supra, that we held that it was not error in the court below to refuse to proceed with the adjudication of the account filed on the part of one claiming to act as trustee under the will. In that case it is said in the opinion filed, p. 392: "But even though the defects indicated may be curable on due application to the proper courts with notice to all parties concerned (as to which we express no opinion at the present time), nevertheless, Tozer v. Jackson, 164 Pa. 373, shows that in proceedings of this character the several steps called for by our decisions and the relevant acts of assembly are in the nature of requirements which may not be treated as 'mere matters of form,' and at least to this extent that case is authority at bar." What is now asked is an order directed to the common pleas requiring that the disputed instrument, which had been there judicially decided to be not a will, should be returned to the orphans' court, overlooking and disregarding the fact that the disputed instrument had previously been returned to the orphans' court,—where it still remains,—accompanied by the certificate that judgment had been entered in that court against the validity of the document as a last will. Though this discredited instrument had never been withdrawn from the orphans' court, nevertheless, a new trial of the issue certified to the common pleas was proceeded with in its absence by the common pleas, with the result that a contrary verdict was reached on the second trial. The significance of this circumstance lies in the fact that upon this second trial the disputed instrument was not in evidence. The jurisdiction of the common pleas extended no further than to try the issue indicated in the precept from the orphans' court "touching a certain writing hereto annexed, purporting to have been made the———day of———in the year ——— (or otherwise describing

the question), which said writing the said———avers is the last will and testament of said———, and certifying the result of the trial as had in the premises into the office of our register." Such was the language of the precept. While the competency of the common pleas to set aside the judgment it had previously entered and grant a second trial is not to be questioned, Hambleton v. Yocum, 108 Pa. 305, yet it may well be questioned whether a second trial of the issue without the disputed document being produced in evidence was not so wide a departure from the ordinary procedure required by the precept as to render the judgment obtained thereon nugatory. However this may be, it is unnecessary here to decide the question in view of another feature of the case which is determining without question, and to which we shall now advert.

While several justifying reasons for the action of the court in dismissing the petition of appellant might be given, either in itself sufficient, it will only be necessary to call attention to that most obvious. Manifestly, the orphans' court is without jurisdictional power to grant the order prayed for, or to enforce one if made. The contention of appellant overlooks the fact that, as between the two courts here involved, neither is superior to the other, but both of like rank and grade, and each distinct and separate with respect to jurisdiction. Neither can confer jurisdiction upon the other sua sponte, but only by legislative warrant, as this case illustrates. The power of the orphans' court to certify questions d. v. n., to the common pleas, there to be tried upon an issue framed, rests upon statutory provision. "It shall be lawful," says the statute of March 15, 1832, in section 13, regulating appeals from registers of wills to the orphans' court, "for the register (now orphans' court), at the request of any person interested, to issue a precept to the common pleas of the respective county, directing an issue to be formed upon the said fact or facts, and also upon such others as may be lawfully objected to the said writ-

ing, in the following form, namely"; then follows the form prescribed, which becomes an integral part of the statute, and only as it is observed can the power be exercised by the common pleas in such cases. The jurisdiction of the common pleas begins upon the delivery to it of the precept from the orphans' court and ends with the certificate of the latter to the orphans' court certifying the result of the trial had in the premises. In the interim, that is until return is made to the orphans' court of the result of the trial, the jurisdiction of the common pleas with respect to the proceeding is exclusive. In the present case the common pleas observing the precept, formed an issue according to its provisions, and tried it with the result that judgment was entered against the validity of the will. Subsequently it made return of its proceeding, with the precept and the disputed instrument, to the orphans' court, and like judgment was thereupon entered in that court, where it remains to this day undisturbed. Nine years thereafter, in 1909, for reasons satisfactory to itself, the common pleas set aside that verdict and again tried the case with the result that a contrary verdict was there reached, and judgment accordingly entered sustaining the disputed instrument as a will, but for some unexplained reason no return of such proceeding was made to the orphans' court. Its failure to do so was in disregard of the plain statutory requirement, and that disregard has continued to this day. The orphans' court's record so far as it extends is complete, showing as it does judgment entered in the common pleas on the issue certified to it. It can be supplemented only upon additional return from the common pleas, and this it cannot command. The power exists to compel compliance by a judicial tribunal with a statutory duty; but that power is never conferred upon a tribunal of equal rank and grade with that complained against as being in default. We need say no more.

The assignments of error are dismissed, and the appeal is quashed at the costs of the appellant.