## Doran Estate

*David B. Fitzgerald,* for appellant.

*Edgar S. McKaig,* of *Adams, Childs, McKaig & Lukens,* contra.

LADNER, J., November 26, 1948.—Petitioner, Daisy D. Williams, having taken an appeal from the probate of the will of Sara Emily Doran, also known as Sarah

E. Doran and Sara E. Doran, filed her petition under our local rule 10 (A), setting forth as the facts and circumstances upon which she bases her appeal that the writing probated by the register, and dated July 21, 1946, was not in fact the last will and testament of decedent, and that petitioner believes and expects to be able to prove that decedent executed a later writing on July 22, 1946, a copy of which is attached to the petition. The petition prays a citation directed to all parties in interest named, which was duly awarded. The petition and the form of decree awarding the citation correctly follows the form recommended by us in our current form book (1944).

To this petition John Morton and Hester Morton, the executors named in the probated will, filed preliminary objections, the first two of which contain a lengthy recital of facts to the effect that petitioner had previously filed a caveat against the probated will, charging want of mental capacity and undue influence, and that after a protracted hearing the register had dismissed the caveat and directed the probate of the will. Certain other facts are pleaded in objection no. 2, but because of the view we take of the matter, it is unnecessary to recite them.

The first two of the preliminary objections are badly pleaded. In the McHenry Estate, 65 D. & C. 330, 332, 333, we said:

"It has been settled that preliminary objections, like the speaking demurrer of old, must not plead facts, and when they do, such facts must be disregarded: Shaffer et al. v. Shaffer et al., 354 Pa. 517; Pew v. Minor, 216 Pa. 343."

See also Thompson's Estate, 35 D. & C. 6, 1939. In Standard Pa. Practice 204, it is said:

"Questions raised by preliminary objections are in the same category as those raised by demurrer; they cannot be based on matters extraneous to the facts set forth in the bill. To base objections on matters ex-

traneous to the averments contained in the bill would be to make a speaking demurrer'."

See also Kingston Borough v. Kalanosky, et al., 155 Pa. Superior Court, 424 (1944), and Long v. Daylor, 43 Dauph. 412 (1937).

Accordingly, the first two preliminary objections must be dismissed since they are founded on facts averred therein. In so ruling, we think it not inappropriate to answer the argument of the learned counsel for the objectant, to the effect that petitioner cannot, on appeal, change the basis of her attack on the will probated.

Such contention is based upon a misconception of what is appealed from. The appeal is from the register's *judicial decree of probate* and not from the proceedings on the caveat. The scope and the matter to be considered on the hearing of the appeal depend upon what is set forth in the petition which must be filed.

Under our rule (10), this petition becomes a pleading and the answer to it raises the issue or issues which, under rule 10(c) must be referred to a hearing judge, to whose rulings or decisions on the issues thus presented, exceptions may be taken and thus reviewed by the court en banc. However, under well-settled principles of pleading and practice, the party prosecuting the appeal is confined to the issue raised. In this particular case then, this petitioner must be regarded as having abandoned the grounds of mental incapacity and undue influence, which the caveat annexed to the appeal record shows were the grounds on which she sought to have the will rejected before the register, and as planting herself solely on the ground that the will probated is not testatrix's last will.

The third of the preliminary objections reads:

"The alleged later writing of July 22, 1946, is not a last will and testament since it is not executed in accordance with section 2 of the Wills Act of 1917, the

effective act governing the execution of wills at this date, since it is not signed at the end thereof."

As the copy of the alleged later will is annexed to the petition, this objection is well pleaded. While we undoubtedly have power on preliminary objections to decide pure questions of law, the settled practice under our rules for many years has been to have appeals from probate passed upon by a hearing judge. We prefer to follow that practice so that we may have the benefit of such relevant evidence that may be produced and the benefit of the findings and conclusions of the hearing judge.

So far as the copy of the alleged will and testament is concerned, it would seem from inspection of the copy that the alleged will is signed at the end thereof, but we leave this matter open for the hearing judge to pass upon in the first instance along with such other issues which the answer may raise. For this reason we dismiss the third preliminary objection.

The general procedure in the ordinary case where an appeal from probate is taken for the sole purpose of enabling the register to pass upon an alleged later will, has been both before the Wills Act of 1917 (as to which see Crawford v. Schooley, 217 Pa. 429 (1907), and Wulff's Estate, 24 Dist. R. 410 (1915)) and since that act (Madary's Estate, 38 Berks 185 (1946)) for the hearing judge to hear only evidence to establish a prima facie case. Where the instrument is testamentary in character on its face, this is done by hearing two witnesses prove the signature of testator and where the alleged will is not dated, the establishment of the later date. Ordinarily questions of forgery or authenticity of the instrument are not gone into but left to be contested in the first instance before the register.

However, there are cases in which, under varying circumstances, it may be the duty of the hearing judge to prosecute the inquiry further. Whether this should

be done in a given case would depend largely on the issues framed by the pleadings and is a matter committed largely to the discretion of the hearing judge: Sebik's Estate, 300 Pa. 45 (1930); Bittinger's Estate, 47 D. & C. 556 (1943). As we cannot forecast the issues to be framed we refrain from any further comments in the premises.

The preliminary objections are dismissed with leave to respondents to file an answer.