## Trostle Estate

*Menno B. Rohrer* and *James J. Logan*, for appellant.

*Louis S. May, H. Clay Burkholder, William C. Storb* and *Arnold, Bricker & Beyer*, contra.

BOWMAN, P. J., February 8, 1951.—This is an appeal from probate, taken for the purpose of submission for probate before the register of wills of an alleged will of a later date.

Emma E. Trostle died February 8, 1950, at the age of 68 years, leaving a will dated September 22, 1948, which was admitted to probate by the Register of Wills of Lancaster County on February 13, 1950. By this will decedent gave her residuary estate (which comprised her entire estate except a specific bequest of "clothing, bedding and personal effects" to her sister-in-law, Annie Glassmyer) to the First National Bank and Trust Company of Mount Joy, in trust, the income

from which to be paid to her brother, Jacob E. Baker, during his life. Upon the brother's decease, she directed that one half of the income shall be expended for the upkeep of the burial lot of her mother, Harriet Baker, in the Camp Hill Cemetery at Florin, Pa. (and for the maintenance generally of the cemetery if income is sufficient therefor), and the other one half of the income shall be used for the upkeep of the burial lot of her deceased husband, Luther A. Trostle, and herself in the Maytown Lutheran Cemetery at Maytown, Pa., with similar provisions as to any excess income.

At the time of her death decedent owned an undivided one half interest in a farm situate in East Donegal Township, Lancaster County, containing approximately 33 acres. This interest was appraised for transfer inheritance tax purposes at $3,522.67. She was possessed of personal property appraised for transfer inheritance tax purposes at $321.85.

The appeal was taken by Annie Glassmyer. The writing which the appellant now seeks to have probated reads as follows:

"Aug. 4, 1949

"To Annie Glassmyer Hellam
Pa. R.D1 I give all my real
and personal property.

"Mrs. Emma Trostle"

To the petition sur appeal H. Clay Burkholder, to whom letters testamentary were granted by the register of wills on the probated will dated September 22, 1948, the First National Bank and Trust Company of Mount Joy, the trustee named therein, the Maytown Lutheran Cemetery and Jacob E. Baker filed a joint answer, which denies that the alleged will of August 4, 1949, is decedent's last will, and avers that the signature thereto is not the signature of decedent, Emma E. Trostle. It is not contended that the writing of August 4, 1949, is not testamentary in character on its face.

The procedure to be followed in cases of this nature is set forth in the opinion in Doran Estate, 65 D. & C. 227 (1948) by Mr. Justice Ladner, then a judge of the Orphans' Court of Philadelphia County:

"The general procedure in the ordinary case where an appeal from probate is taken for the sole purpose of enabling the register to pass upon an alleged later will, has been both before the Wills Act of 1917 (as to which see Crawford v. Schooley, 217 Pa. 429 (1907), and Wulff's Estate, 24 Dist. R. 410 (1915)) and since that act (Madary's Estate, 38 Berks 185 (1946)) for the hearing judge to hear only evidence to establish a prima facie case. Where the instrument is testamentary in character on its face, this is done by hearing two witnesses prove the signature of testator and where the alleged will is not dated, the establishment of the later date. Ordinarily questions of forgery or authenticity of the instrument are not gone into but left to be contested in the first instance before the register."

We are satisfied that this procedure is equally applicable under the Wills Act of April 24, 1947, P. L. 89, effective January 1, 1948.

At the hearing held August 31, 1950, appellant offered two witnesses to prove the signature of decedent to the writing of August 4, 1949. Annie D. Stark testified that she was an aunt of decedent, that she was 67 years of age, that she had known decedent during all of her life, that during the latter part of 1949 decedent lived in her home and that she had seen decedent write her name on two different occasions, on a check shortly before October 1, 1949, and on a paper in November 1949, whereon decedent made notations concerning some work that decedent had performed. She expressed the opinion that the signature to the writing of August 4, 1949, was that of decedent.

P. F. Snyder testified that he was cashier of the First National Bank of Marietta, Marietta, Lancaster

County, He was uncertain as to whether he had ever seen decedent write her name and he could not recall whether decedent had acknowledged the name on the bank's signature card as her signature, although his name appears thereon as a witness. Since he was not acquainted with decedent's signature and he was not offered as an expert witness, we sustained respondent's objection to his being qualified to testify with respect to the signature.

The Act of June 6, 1913, P. L. 451, sec. 1, 28 PS §161, provides:

"Where there is a question as to any writing, the opinions of the following persons shall be deemed to be relevant: (a) The opinion of any person acquainted with the handwriting of the supposed writer. (b) The opinion of those who have had special experience with, or who have pursued special studies relating to, documents, handwriting, and alterations thereof, who are herein called experts."

At a continued hearing, had to afford appellant an opportunity to present further testimony, we held that Anna Mary Miller, who had not seen decedent write her name and whose only acquaintance with decedent's signature was that obtained from a Christmas card she received from decedent in 1948, was not qualified under (a) of the above quoted act.

Margaret Miller, a daughter of appellant, then testified that on a Sunday approximately two weeks before Christmas in 1948 she brought decedent to her home in Elizabethtown, Lancaster County; that decedent had a few Christmas cards which she proceeded to address in her home, that decedent was sitting "on the other side" of the table at a distance of about five feet from her while decedent was addressing the cards, that she saw decedent write her name on the cards and address them, and that at no other time did she ever see decedent write.

Geraldine E. Rohrer, another daughter of appellant, testified that she resides in Harrisburg, Pa., that on the Sunday afternoon previously referred to she called at her sister's home in Elizabethtown, that while "I was sitting there talking" she saw decedent address two cards, and on which she saw decedent write her name. She had never seen decedent write on any other occasion.

Subject to objection we permitted both of these witnesses to express the opinion that the signature to the writing of August 4, 1949, was that of decedent. After a full consideration of all of their testimony this court is convinced that the acquaintance which these witnesses acquired with decedent's signature was so casual, transitory and scanty as to compel a finding that they were not qualified to express an opinion as to the signature in controversy.

It is the opinion of this court that appellant has not established a prima facie case. The appeal is accordingly dismissed. Costs to be paid by appellant.