## Keiper Estate (No. 2)

*John J. Pentz, Jr.*, for appellant.
*Walter Olenick*, contra.

DAVIS, P. J., January 12, 1960.—This is an appeal from probate, taken for the purpose of enabling the register of wills to pass upon an alleged will of later date.

Decedent, Arch Keiper, died on June 21, 1955. His will dated September 27, 1950, was admitted to probate and letters testamentary were granted on July 11, 1955, to C. E. Gantzhorn, the executor named therein.

A writing subsequently discovered, testamentary in form, dated May 16, 1955, is now sought to be admitted to probate.

The appeal from probate was taken by Sadie Keiper, a devisee in the writing dated May 16, 1955. There are no subscribing witnesses to the execution of this paper.

Burton H. Keiper testified that he was a first cousin to Arch Keiper, that he had known him all his life and that he was familiar with the signature of Arch Keiper, having seen Arch Keiper write his signature a good many times and that the signature at the end of the writing was the signature of Arch Keiper. Sadie Keiper, petitioner and wife of Burton H. Keiper, testified she had known Arch Keiper since she was a little girl and that she was familiar with his signature and that the signature appearing at the end of the purported will was the signature of Arch Keiper.

Reverend Harold C. Eaton, pastor of the East Stroudsburg Methodist Church, testified that while visiting patients at the Monroe County General Hospital he visited Arch Keiper during his last illness, that Mr. Keiper had told him he was going to make another will and that subsequently he received in the mail the writing now sought to be probated. The evidence indicates that the manual execution of the writing dated May 16, 1955, meets the requirements of section 2 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.2.

To make effective her appeal appellant was required to prove the execution of the paper about to be offered for probate, prove that it bore a date later than the date of the will that had been probated and was clearly testamentary in its character. Appellant in our opinion has made out a prima facie case in these matters, and therefore it is our duty to sustain the appeal: Crawford v. Schooley, 217 Pa. 429, 434; Ewiak Estate, 39 Erie 100.

### Order

And now, to wit, January 12, 1960, it is ordered, adjudged and decreed that the probate of the last will and testament of decedent dated September 27, 1950, be opened so that the testamentary writing dated May 16, 1955, may be submitted to the register of wills for probate.