## Kauffman Estate

*W. Hensel Brown, Jr.,* for appellant.

*Ralph W. Eby, Jr.,* for respondents.

*James J. Kirchner,* guardian ad litem, for minor parties.

BOWMAN, P. J., February 9, 1961.—Edward H. Kauffman died on February 5, 1959. An instrument dated February 17, 1955, and purporting to be the last will and testament of decedent was offered for probate before the register on July 17, 1959, and was admitted to probate on November 5, 1959. By it, decedent bequeathed and devised all of his estate in equal shares to his sons, Charles and James, and his daughters, Jean and Virginia. Thereafter an appeal was taken from the decree of the register by testator's daughter, Virginia K. Hilt, setting forth that the probated instrument was not, in fact, the last will of decedent inasmuch as he had executed a later will on November 19, 1957. To the petition for a citation sur appeal, an answer was filed in which it was alleged that decedent lacked testamentary capacity at the time of the execution of the later writing. The record of the proceedings before the register was certified to the orphans' court and a hearing followed.

At the hearing, the probated will was offered in evidence by respondents. Appellant then produced Wilson Bucher, Esq., a member of the bar of this court, who testified that pursuant to a post card received from decedent on November 5, 1957, and after a conference with decedent several days thereafter, he prepared a will which decedent executed in his presence on November 19, 1957. Mildred V. Snyder, a registered nurse at that time employed at the nursing home in which decedent was residing, testified that she was present on November 19, 1957, and that she saw de-

cedent sign the instrument bearing that date. The later writing was, therefore, offered and admitted in evidence. In this writing, described by decedent as his last will and testament and thereby revoking "all prior wills, codicils and testamentary writings," he gave all of his estate to his daughter, Virginia, "and if she does not survive me or if she shall renounce or disclaim any benefits under this will, then to her children surviving me in equal shares, including children born after the date of this will."

Considerable testimony was presented by respondents, without objection by appellants, relative to the testamentary capacity of decedent at the time he executed the later of the two instruments herein concerned. Dr. Ralph J. Goldin testified that he had been examining decedent at monthly intervals during the latter part of 1957 and that, in his opinion, decedent did not possess testamentary capacity in November of 1957. Mr. Bucher was recalled and stated that decedent was aware of the extent of his estate and was able to identify those who would constitute his heirs and that in his opinion decedent was capable of making his will on November 19, 1957. Mrs. Snyder was also recalled but was unable to state a definitive opinion concerning decedent's testamentary capacity. Decedent's four children also appeared as witnesses and presented conflicting testimony as to his testamentary capacity.

We have not reviewed in detail the evidence pertaining to the question of decedent's testamentary capacity for the reason that it is our opinion that that issue is not presently one for the court's determination. Appellant, by appealing from the decree of the register, has followed the correct procedure for setting in action the machinery which may eventually result in the probate of the later of the two instruments. Upon appeal from the probate of a will, however, this court has no original jurisdiction of probate and may not determine

finally the validity of an alleged later will, but, upon prima facie proof thereof, the decree of probate may be opened and the record remitted for further proceedings before the register. See 5 Hunter, Penna. Orphans' Court Commonplace Book, 2d Ed., Probate of Wills, §§4 and 5, pp. 165, 166, and cases therein cited.

A similar situation was involved in Crawford v. Schooley, 217 Pa. 429. There, as here, the probate of a will had been attacked and an alleged later will was offered in evidence in support of appellant's position. The question arose as to whether or not the later writing was a forgery, and it was held that determination of that issue was premature inasmuch as appellant effected his appeal by proving the execution of the instrument he produced, which bore a later date and was clearly testamentary in character. In this connection, we quote from the opinion at pp. 433, 434:

"This proceeding, so far as it was an appeal from the decree of the register admitting to probate the will of James L. Crawford, bearing date of September 13, 1896, was entirely regular; so far as it was a proceeding to determine whether the alleged will bearing date of January 30, 1905, was a forgery, it was not only irregular, but was coram non judice. This latter results necessarily from the fact that in the probate of wills the orphans' court is without original jurisdiction. The appeal here put at issue a single question, and that related exclusively to the will which had been admitted to probate—was it the testator's last will? Appellant contended that it was not, and to establish his contention, he produced a paper purporting to be a will of the same testator executed more than eight years subsequent to the date of the will probated. This paper was in the case simply as matter of evidence. An adjudication in appellant's favor would not have established it as a will; that could only be done in the first instance through the probate of the regis-

ter, and the correctness of his adjudication could only be inquired into by the orphans' court on appeal. The paper had never been before the register; it had never been the subject of a judicial decree, and was not before the court in this proceeding except as evidence in connection with the issue being tried. To make effective his appeal, all that was required of appellant was to prove by two witnesses the execution of the paper he produced. It bore a later date, and was clearly testamentary in its character. If proved by two witnesses, then prima facie, the will that had been admitted to probate was not a last will. This much was done, and the inquiry should have there ended. What remained was for the orphans' court to open up the decree admitting to probate the earlier will, and direct that the appellant produce before the register the paper which he claimed to be a later will, and proceed to make proof of its execution and validity in the usual manner."

The procedure outlined in that case was recently followed in Steiger Estate, 16 D. & C. 2d 79, 83, wherein the court concluded:

"Our responsibility, at this time, is therefore a limited one. Our function is to ascertain whether the notations in question appear, prima facie, to be testamentary in character. If they are not, there is obviously no merit to this appeal. If, on the other hand, we conclude that they are testamentary, we cannot direct that they be admitted to probate. We can only open the decree of probate to enable the register to receive and act upon the questioned writings."

It is our opinion that the decision in Sebik's Estate, 300 Pa. 45, reveals no intent to expand the function of this court beyond that as set forth above. Much of the discussion therein is merely dictum and is concerned primarily with the jurisdiction of the orphans' court to determine the validity on appeal of a probated will. It is to be noted that the validity of the probated will in the immediate issue has not been questioned.

The writing which the appellant brought before us is clearly testamentary. It bears a date later than that of the writing which the register admitted to probate as decedent's last will and testament. By the testimony we must hold that appellant has established, prima facie, that the writing of November 19, 1957, is entitled to be submitted to the register. The determination by him, as to whether or not it is entitled to probate, must, of necessity, include due proof of its execution and validity. We accordingly enter the following

### Decree

And now, February 9, 1961, the appeal of Virginia K. Hilt is sustained and the decree of the register of November 5, 1959, admitting to probate as the last will and testament of Edward H. Kauffman, deceased, the writing of February 17, 1955, and entered of record in will book J, volume 4, page 140, is opened to permit the register to receive and act upon a petition for probate of the later writing of November 19, 1957, as decedent's last will and testament, and the record is remitted to the register for that purpose.