## Green *versus* Mills.

The writ of error authorized by the Act of April 10th 1848,. § 8 (P. L. 450) to a feigned issue directed by the Orphans' Court, does not lie until final decree has been entered in that court. The verdict and judgment in the issue are not binding on the Orphans' Court, but if adopted as the basis of the final decree, any party aggrieved may appeal from said decree, and at the same time take a writ of error to review the judgment in the feigned issue.

March 14th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ. Clark, J., absent.

Error to the Court of Common Pleas of *Susquehanna county:* Of January Term 1883, No. 263.

This was a feigned issue directed by the Orphans' Court of Susquehanna county to the Court of Common Pleas of said county, to determine a certain issue of fact arising in the course of distribution of the estate of Henry Mills, deceased. A verdict and judgment were entered for the plaintiff in the issue. Thereupon, and before the said judgment was certified to the Orphans' Court, or any final decree was entered in the Orphans' Court, the defendant in the issue took this writ of error, assigning a number of errors.

*Blakeslee* (*Davies* with him), for the plaintiff in error.

*W. W. Watson*, for the defendant in error.

Chief Justice Mercur delivered the opinion of the court, March 26th 1883.

This was a feigned issue sent to the common pleas by the Orphans' Court. Its purpose was to aid the latter in the distribution of a fund. The Orphans' Court, however, is not bound by the verdict and judgment in the common pleas. If on an examination of the evidence it is dissatisfied with the result, it may decree as it deems just, regardless of the opinion of the jury : Hallowell's Appeal, 8 Harris 215. Then the judgment in a feigned issue may or may not deprive either party of a share in the fund to be distributed by the Orphans' Court. It is true the Act of 10th of April 1848 gives a writ of error to the judgment in such an issue in the same manner as where feigned issues are directed by the court of common pleas. When directed by the latter court for the ascertainment of facts to aid in the distribution of a fund produced by a sheriff's sale, it has been expressly held that a writ of error will not lie until after the final decree : Reed's Appeal, 21 P. F. Smith 378. Such being the rule when the issue and distribution are both in the same court, there is greater reason for so holding when they are in different courts. This is no denial of a right to the

writ of error, but authorizes it as soon as the injury from the judgment is determined. The statute also gives an appeal from the definitive decree of distribution. When that is made, the party aggrieved thereby can bring up his appeal therefrom and at the same time bring his writ of error and have the judgment reviewed which contributed to his injury. Until final decree, a writ of error is premature and cannot be sustained.

This view of the case makes it unnecessary to consider the various assignments of error, and also the further question whether the issue is so framed as to try disputed facts, or whether it is merely to try the right to the fund, which is a question of law.

Writ of error quashed.