## Rothermel, Appellant, v. Rothermel et al.

Argued April 21, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

140

*Michael J. O'Donnell,* for appellant.

*Ralph S. Croskey,* of *Croskey & Edwards,* with him *Hollis P. Breeding,* for appellee.

OPINION BY MR. JUSTICE DREW, June 29, 1942:

This appeal is from a judgment of the court of common pleas to which the orphans' court had awarded a feigned issue to determine the identity of the grantee in two deeds conveying certain real estate and ground rents. On the solution of this question depends the distribution of moneys derived from the sale of the realty and from the extinguishment of the ground rents. The jury found in favor of plaintiff, but, on motion of defendants, the executors, the court en banc entered judgment n. o. v. Without awaiting the return of the precept to the orphans' court and a disposition of the case by that tribunal, plaintiff appealed.

Katharina Rothermel, a widow, died March 19, 1917, leaving to survive her three children: Katharine, plaintiff, and Frederick and Frank. Shortly after their mother's death, the two sons duly qualified as executors and trustees of her estate and as such fiduciaries are defendants in this proceeding. On June 20, 1905, the real estate in question, situate at 1512-14-16 McKean Street, in the city of Philadelphia, was conveyed to "Frederick Rothermel, Frank Rothermel and Katharine Rothermel"; and on October 25, 1910, ground rents issuing out of 1435-37 Ritner Street, also in the city of Philadelphia, were conveyed to "Katharine Rothermel, unmarried." After creating a life estate for plaintiff in certain real estate with which we are not here concerned, the mother's will devised and bequeathed to her executors all the rest and residue of her estate in trust. The executors were given "full power and authority to sell and dispose of all or any part" of the real estate in such residuary estate. In June and July, 1920, the ground rents issuing out of the Ritner Street property were extinguished,

and in July, 1923, the real estate on McKean Street was sold, and the entire moneys thus received from the ground rents and from the sale of 1512 McKean Street were included by defendants as assets of their mother's estate in the account filed by them in May, 1938, in the orphans' court. They did not account for the proceeds received from the sale of 1514-16 McKean Street, which they paid in equal shares to themselves individually, under the belief that they and their mother owned the three properties in common and that it was proper for each of them to take the proceeds received from one of the properties, all of them being approximately the same value. The alleged share of the mother was therefore paid into her estate. Plaintiff later claimed that she, and not her mother, was the "Katharine Rothermel" named in the two deeds here involved, and that the proceeds received by the executors from the sale and rents of that grantee's interest belonged to her.

The orphans' court, after hearing testimony, was satisfied that there was a substantial dispute as to ownership of the funds. It, therefore, framed a feigned issue to determine the ownership of the realty and ground rents immediately prior to the mother's death, and submitted it to the court of common pleas for trial by jury, under the authority conferred by the Act of June 7, 1917, P. L. 363, section 21(a). See *Keyser's Estate,* 329 Pa. 514. The jury found for plaintiff, but, on motion of the executors and trustees, the court en banc, being of the opinion that plaintiff's case fell because of failure of proof, in that there were no facts or circumstances from which the jury could infer legitimately to the exclusion of other inferences equally plausible that the daughter owned the property, held that title to the interest in the properties claimed by plaintiff was in the mother, and entered judgment for defendants.

It is well settled since our decision in *Cross's Estate,* 278 Pa. 170, where an extensive review was made of the whole subject by Mr. Chief Justice MOSCHZISKER, that

where the issue awarded concerns the status of an alleged will or testamentary writing, or the decision of a fact upon which the jurisdiction of the orphans' court depends (as whether or not the property sought by claimant was actually or presumptively in the possession of decedent at the time of his death or came into the possession of his personal representative thereafter), the judgment entered on the verdict in the court of common pleas, so long as it stands undisturbed, is binding on the orphans' court. In all other cases of feigned issues the judgment does not bind the orphans' court; it is merely advisory.

It was held in *Paxson's Estate*, 225 Pa. 204, where property came into the hands of the executor and was included in his inventory, but was claimed by another person, that the orphans' court had jurisdiction to try and determine the question of ownership, and the issue awarded to the court of common pleas was not binding on it. Furthermore, in *Green v. Mills*, 103 Pa. 22, which was a feigned issue directed by the orphans' court to the common pleas court to determine a question of fact arising in the course of distribution of a fund produced by a Sheriff's sale, Mr. Chief Justice MERCUR, delivering the opinion of the court, said: "Its purpose [the feigned issue] was to aid the latter in the distribution of a fund. The Orphans' Court, however, is not bound by the verdict and judgment in the common pleas. If on an examination of the evidence it is dissatisfied with the result, it may decree as it deems just, regardless of the opinion of the jury: *Hallowell's Appeal*, 8 Harris 215. Then the judgment in a feigned issue may or may not deprive either party of a share in the fund to be distributed by the Orphans' Court. . . . Such being the rule when the issue and distribution are both in the same court, there is greater reason for so holding when they are in different courts. This is no denial of a right to the writ of error, but authorizes it as soon as the injury from the judgment is determined. The statute also gives an ap-

peal from the definitive decree of distribution. When that is made, the party aggrieved thereby can bring up his appeal therefrom and at the same time bring his writ of error and have the judgment reviewed which contributed to his injury. Until final decree, a writ of error is premature and cannot be sustained."

Clearly in the instant case, the issue does not involve the status of an alleged will or testamentary writing. Nor does it in any way pertain to a decision of a fact upon which the jurisdiction of the orphans' court depends, since it is conceded that the deeds to the properties in question were in the mother's possession at the time of her death; that they thereafter came into the hands of defendants as her personal representatives; that the income from the properties was collected by the mother during her lifetime and by defendants after her death until the ground rents were paid off and the property sold; and that the moneys received from the ground rents and sale of the property were included in the executors' account. It was, therefore, proper for the orphans' court to award the feigned issue which was designed to inform that court on a matter of fact essential to a proper distribution of the funds in the hands of the executors. The judgment of the common pleas under such circumstances is merely advisory.

Since the finding was merely advisory, this appeal is premature. In this event, the precept must be returned to the orphans' court and the three-month period for taking an appeal does not begin to run until the final decree is entered in the orphans' court, for no one is harmed until that court either accepts or rejects the judgment. The judgment of the court of common pleas is treated, for the purpose of appeal, as interlocutory: *Cross's Estate*, supra.

Appeal quashed.

Mr. Justice PARKER concurs in the result.