## Rothermel's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Hollis P. Breeding,* and *Ralph S. Croskey,* of *Croskey & Edwards,* for the trustees, exceptants.

*Michael J. O'Donnell,* for Katharine Rothermel, daughter, exceptant.

HUNTER, J., July 21, 1943.—Exceptions are filed by the trustees to the disallowance of credits claimed in their account for repairs to real estate totaling $1,780.82, they being unable to produce vouchers or checks in proof of such payments. A further exception relates to the disallowance of an item of distribution of $714.88, alleged to have been paid to decedent's daughter, one of the life tenants, in cash, on November 10, 1917, and for which the trustees were unable to produce a receipt.

It has long been the rule that the orphans' court will not dispense with the exhibition by fiduciaries of

proper vouchers for payments made: Verner's Estate, 6 Watts 250; McCartney's Estate (No. 1), 79 Pa. Superior Ct. 326. Book entries alone are not sufficient, nor can the oath of the fiduciary be substituted for the correct and business-like practice of taking receipts. There is no distinct and definite proof of payment in this estate which would justify us in making an exception to the rule.

Other exceptions by the trustees relate to the disallowance of items of distribution for "Table Allowance", $2,099.75, claimed to have been paid to decedent's daughter for support of a table at which all three of the parties ate, and the items paid for the support and maintenance of "Uncle Charlie", a poor relative, $1,906.91, all of which items were charged to the estate by the agreement, it is alleged, of the parties.

The auditing judge has made findings against the existence of such agreements. These findings result largely from his consideration of the testimony of witnesses whom he saw and heard, and for that reason will not be disturbed: Deal's Estate, 321 Pa. 484. Furthermore, the evidence in support of the agreements does not meet the required standard of proof; nor were these payments properly vouched.

We are not impressed by the contention of the trustees that these are stale claims, and that their sister is barred by acquiescence and laches. The trustees could have saved themselves much difficulty and embarrassment had they filed accounts at the times required by law, or had they rendered periodic accounts to the beneficiary giving her full information as to their administration of the trust. In the absence of such accounts she cannot be charged with knowledge of the numerous transactions of the trustees merely because she had access to the place where they kept their books. The auditing judge found that she was without knowledge of the disputed items, and we agree with his findings.

It should be noted in connection with these surcharges, except as to the item of $714.88, alleged to have been paid to the daughter, that they affect the trustees only as to one third of the amount stated, they individually being life tenants entitled to the other two thirds.

Exceptions were filed by the daughter because the auditing judge did not allow interest on the above surcharges. It does not appear that the trustees profited personally by these transactions, and as we believe they have been sufficiently penalized for their shortcomings, especially with reference to items for which they could not produce vouchers, we are of opinion that a charge of interest would not be justified. The principle enunciated in Kenin's Trust Estate (No. 1), 343 Pa. 549, 566, that claims of this kind must be regarded as damages for detention of proceeds rather than interest, carries with it the corollary that whether in a given case damages for detention or delay are to be paid is a matter within the sound discretion of the auditing judge, and damages as interest are not awardable as of right.

We also agree with the auditing judge that no forfeiture of commissions should be imposed. The administration by the trustees, as found by the auditing judge, brought satisfactory results during the many years in which they have been in office, including the difficult years of the depression.

The more important exceptions filed by the daughter relate to title to a one-third undivided interest in premises 1512-14-16 McKean Street, and the title to two ground rents issuing out of 1435-37 Ritner Street. The first-mentioned premises were conveyed in the lifetime of decedent to "Frederick Rothermel, Frank Rothermel, and Katharine Rothermel", and the two ground rents to "Katharine Rothermel". Both mother and daughter bore the name "Katharine Rothermel".

The auditing judge awarded an issue to the common pleas court to determine the identity of the grantee. The jury found in favor of the daughter, but upon motion Court of Common Pleas No. 6 entered judgment for the trustees n. o. v.

An appeal was quashed by the Supreme Court on the ground that the common pleas judgment was interlocutory, being merely advisory and not binding upon the orphans' court, and that the period for appeal would not begin to run until the orphans' court had entered a final decree accepting or rejecting the common pleas judgment. See Rothermel v. Rothermel et al., 345 Pa. 139.

The precept having been returned to this court, the auditing judge rejected the verdict, as had been done by President Judge Bok of Common Pleas Court No. 6, and decreed that the title to the real estate and ground rents was not in the daughter but in the mother.

The record both in the common pleas and in this court shows painstaking consideration of the evidence presented by the daughter in support of her claim. We agree with the conclusions of Judge Bok who heard the testimony, and of Judge Bolger who reviewed it, that a chancellor could not conscientiously permit the verdict to stand. This action is fully supported by the excellent opinion of Judge Bok, which was approved and adopted by Judge Bolger.

The last exception by the daughter urges that the auditing judge erred in refusing to remove the trustees from their office. There is no merit to this exception. The auditing judge has found that, while the trustees conducted their administration in a somewhat informal manner, yet they were vigilant and attentive, and applied caution and sound judgment in the exercise of their duties. We agree with this finding.

All exceptions are dismissed and the adjudication is confirmed absolutely.