## WYOMING COUNTY.

JANUARY TERM, 1883, No. 179.                MARCH 17, 1884.

# Appeal of Shiffer, Assignee, &c.

1. A writ of error lies to a feigned issue directed by the orphans' court after final decree has been entered in that court.

2. When the definitive decree of distribution is made, the party aggrieved may bring up his appeal therefrom, and, at the same time, his writ of error, and have the alleged errors in the trial of the issue reviewed. Such errors cannot be reviewed on the appeal alone.

3. Such errors cannot be reviewed on the appeal alone.

[Appeal of Shiffer, Assignee, &c.]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Appeal of J. B. Shiffer, assignee of H. W. Lee, Permelia Pestana, Elizabeth Brunges, and William Sickler, administrator of Cora Sickler, deceased, from the decree of the Orphans' Court of *Wyoming County*, distributing the funds in the hands of John Lee, administrator of the estate of Daniel Lee, deceased.

The court below appointed B. W. Lewis, auditor to make distribution, who found, *inter alia*, the following facts:

That Daniel Lee died December 24, 1874, leaving to survive him children as follows: John Lee, Wellington Lee, Henry W. Lee, Elizabeth Brunges, wife of William N. Brunges, and Permelia Pestana.

Minerva Layton, a daughter of the decedent, died before decedent, leaving to survive her two sons, viz: Daniel Lee Layton and Peter L. Layton.

Nancy Sickler, a daughter of the decedent, died before decedent, leaving to survive her two daughters, viz: Dora Sickler, who died some time after Daniel Lee, and Cora Sickler, who died since her sister's death. William Sickler is the administrator of Cora Sickler's estate.

Wellington Lee died since his father's death, leaving to survive him Martha Lee, his widow; James D. Lee, Inez Lee, and Florence Vandermark, wife of Edson Vandermark.

Charles Armstrong and James D. Lee are the administrators of Wellington Lee's estate.

The auditor further finds that John Lee and Wellington Lee received their share or interest in their father's estate during his lifetime, and are, therefore, not entitled to share in this distribution.

He also finds that H. W. Lee has assigned his interest in the estate to J. B. Shiffer.

He further finds that the fund for distribution is $3,825 23.

The auditor reported, *inter alia*, as follows:

"A claim was made by John Lee for the share coming to Mrs. Permelia Pestana, by virtue of assignment by her to him of her interest in her father's estate. The same question came up on the former audit, and was, to a certain extent, passed upon. It was then held that, as no consideration was shown for the assignment, it was not sufficient to cause her to be regarded as a competent witness, on the ground of having no interest in the dis-

tribution of her father's estate.   As John Lee, the administrator, sought in the former audit to make this use of it, he is now, in the opinion of the auditor, estopped from claiming for it an opposite purpose in this proceeding.

"Mrs. Martha E. Lee claimed the share of Dora Sickler in this distribution, by reason of a direction given by Dora Sickler, a short time before her death, that her share in her grandfather Daniel Lee's estate, be paid to her for her care during her last sickness.   It was shown that Dora Sickler was at the house of Mrs. Martha E. Lee for some time previous to her death, and that she died there ; and also that she was well cared for while there, and that the services were valuable.   But, in the opinion of the auditor, however meritorious the claim, the auditor would be exceeding his jurisdiction to make this distribution of Dora Sickler's estate.   He, therefore, awards the amount coming to the heirs of Nancy Sickler to William Sickler, the administrator of Cora Sickler, deceased."

Exceptions were filed to this report by John Lee, Martha E. Lee, and Inez Lee.

August 17, 1882, Charles Armstrong and James D. Lee, administrators of Wellington Lee, deceased, presented a petition to the orphans' court praying for an issue to the common pleas to determine whether or not the said Wellington Lee had received his interest in the estate of his father in his lifetime.

Objections were filed that no demand for an issue was made before the auditor, and that it was then too late.

The Court granted an issue "to determine whether it belongs to Wellington Lee's estate to have one seventh part of the estate of Daniel Lee, deceased, after paying all legal costs and expenses, and whether Wellington Lee did receive his interest in his father's estate in his, Daniel Lee's, lifetime," to which exceptions were taken.

Upon the trial of the issue in the common pleas, before INGHAM, P. J., exceptions were taken by appellants to rulings upon evidence, and to the charge of the Court.

November 24, 1882, verdict for plaintiffs, viz: Charles Armstrong and J. D. Lee, administrators of Wellington Lee.   The record of the trial was certified back to the orphans' court and approved.

The orphans' court set aside so much of the auditor's report as found that "Wellington Lee received his share of his father's estate during his lifetime, and is, therefore, not entitled to share in the distribution," and ordered

that the administrators of Wellington Lee, deceased, should receive one seventh part of the fund for distribution. The Court also overruled the finding of the auditor against the claim of John Lee, and so much of the report as distributed to William Sickler, administrator of Cora Sickler, deceased, the share of Dora Sickler, and awarded said share to Martha E. Lee.

J. B. Shiffer, assignee, *et al.*, then appealed, and assigned as error the action of the orphans' court in granting the issue to the common pleas; the admission of certain testimony, and portions of the judge's charge, in the trial of said issue; the decree of the court approving the finding of the jury and awarding the administrators of Wellington Lee, deceased, a one-seventh interest in the distribution, and in awarding the share of Dora Sickler, deceased, to Martha E. Lee.

*W. E. & C. A. Little* for appellants.

We concede that the granting of an issue rests in the sound discretion of the court below, but this discretion should be judicially exercised. The Court granted a double issue, part of it, at least, being a question of law, dependent upon the question of fact, and granted it 134 days after the closing of the audit; after the publication of the report; without the requisite statement of facts in dispute; without the demand being first presented to the auditor, and without evidence in the support of the demand: Barnes' Appeal, 3 Grant, 315; Sharp's Appeal, *Id.*, 260; Bradford's Appeal, 5 Casey, 513; Seip's Appeal, 2 Casey, 176; White's Estate, 32 Leg. Int., 430; 3 Phila., 254; 9 *Id.*, 355; 32 Leg. Int., 117; 2 Luz. L. Reg., 83; 33 Leg. Int., 45; 1 Tr. & H. Practice, 656, N. 3; 7 Harris, 493; 4 Casey, 165; 12 *Id.*, 418; 3 P. & W., 185; 11 P. F. Sm., 278; 13 *Id.*, 379.

The exceptions were taken in the common pleas, and went with its record when it was certified to the orphans' court: Act 16 June, 1836, section 2; Purd. Dig., 1110, section 52; Hallowell's Appeal, 8 Harris, 215; Wills *v.* Hannen, 10 *Id.*, 334; Finney's Appeal, 1 Wr., 323; Bierly's Est., 32 P. F. Sm., 419. The charge of the Court was calculated to mislead the jury.

The findings of the auditor are entitled to the same weight as the verdict of the jury: Gilbert's Appeal, 28 P. F. Sm., 266; Wills' Appeal, 10 Harris, 325. An appeal from the final decree of the orphans' court brings up the whole subject for review: Hallowell's Appeal, 8 Harris, 215.

[Appeal of Shiffer, Assignee, &c.]

There was no consideration for the transfer of Dora's share to Martha E. Lee.

*Henry Harding, John A. Sittser, William M. Piatt & Sons* for appellees.

The appeal has been improperly taken by including in the appeal parties not affected by it.

No writ of error or appeal lies to the action of the court in directing the issue to the common pleas : Act of 29 March, 1832, section 55, P. L., 208 ; Act 20 April, 1846, section 2, P. L., 411.    The acts of Assembly expressly limit the right of review to the applicant for the issue, and nowhere gives the right to the opposing party : Mothland *v.* Wireman, 3 P. & W., 185 ;  Wallace *v.* Elder, 5 S. & R., 146; Finney *v.* Moore, 8 S. & R., 345.    The cases cited by appellants are those in which a demand was made for an issue as matter of right.    Court can grant issue after audit : Daddow Est., 1 Schuylkill Leg. Reg., 90. The orphans' court should have reserved the finding of the auditor if no issue had been granted.    To give an instrument the affect of a release of all future interest in an estate to which one is an heir, it should be clear and unambiguous : Powers' Appeal, 13 P. F. Sm., 445.

MARCH 31ST, 1884.—PER CURIAM: A writ of error lies to a feigned issue directed by the orphans' court after final decree has been entered in that court: Reed's Appeal, 21 P. F. Smith, 378 ; Green *v.* Mills, 13 W. N. C., 108.

When the definitive decree of distribution is made, then the party aggrieved may bring up his appeal therefrom, and at the same time his writ of error, and have the alleged errors in the trial of the issue reviewed.    We cannot, on the appeal alone, review them.    This view disposes of most of the errors assigned.

We discover no error in the conclusion at which the court arrived, and in the decree of distribution made.

Decree affirmed and appeal dismissed at the costs of the appellant.