# Byerly's Estate.

*Practice, O. C.—Wills—Alleged forgery—Precept from O. C. to C. P. on court's motion—Findings of fact—Appeals.*

1. Where at the hearing of a will contest the Orphans' Court of its own motion sent the case to the Common Pleas Court to try certain issues of fact which were subsequently determined by the jury in favor of the contestants, and thereafter the Orphans' Court filed a decree setting aside the will as being invalid, the fact that, although no party in interest petitioned for such trial, issues were framed and sent to the Common Pleas Court for trial, was not reversible error, where the Orphans' Court declared that it rested its findings of fact upon the evidence taken before it and not upon the conclusions of the jury in the Court of Common Pleas. The case may be treated as though no precept for the trial of issues had gone out.

2. In such case the fact that the president judge of the Orphans' Court presided at the trial in the Common Pleas does not show that he was influenced by the latter proceedings, where he certified that the proceedings in the Common Pleas merely served to strengthen his convictions.

3. Where in such case there was evidence to support the findings of the Orphans' Court the decree was affirmed in the absence of manifest error in the findings.

Argued March 19, 1917.   Appeal, No. 3, Oct. T., 1917, by Joseph J. Knappenberger, Executor, and Robert B. Everett and Lillian Everett, from decree of O. C. Westmoreland Co., May T., 1915, No. 197, setting aside the probate of a will, in estate of Catherine Ann Byerly, Deceased; Appeal No. 4, Oct. T., 1917, by Joseph J. Knappenberger, Executor, and Robert B. Everett and Lillian Everett, from judgment of C. P. Westmoreland Co., Aug. T., 1915, No. 980, on verdict for defendant, in case of Joseph J. Knappenberger, Executor, and Robert B. Everett and Lillian Everett, beneficiaries under the will of Catherine Ann Byerly, deceased, v. H. Albert Lauffer. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Appeal from decree of Register of Wills admitting to probate the will of Catherine Ann Byerly, deceased. Before COPELAND, P. J.

Feigned issue to determine the validity of a will.  Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

At the hearing the Orphans' Court certified the case to the Common Pleas Court to determine whether the document offered for probate was the last will and testament of Catherine Ann Byerly, deceased.

The jury found in favor of the contestants and their finding was certified to the Orphans' Court.

The Orphans' Court found that the will was a forgery and directed that the probate be opened and vacated and the will be set aside and stricken off the record, it not being the will of Catherine Ann Byerly, deceased. Joseph J. Knappenberger, executor, and Robert B. Everett and Lillian Everett, appealed from the judgment entered in the Common Pleas Court and from the decree of the Orphans' Court.

*Errors assigned* at No. 3, Oct. T., 1917, were various findings of fact and conclusions of law, and the decree of the court.

*Errors assigned* at No. 4, Oct. T., 1917, were rulings on evidence and instructions to the jury.

*C. E. Whitten* and *P. H. Gaither,* of *Gaither & Whitten,* with them *Rody P. Marshall* and *William T. Dom, Jr.,* for appellants.

*James S. Moorhead,* of *Moorhead & Smith,* and *A. H. Bell,* of *Bell & Bell,* with them *John P. Pinkerton,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 30, 1917:

Mrs. Catherine Ann Byerly, widow, died June 26, 1914; the following day, the register admitted to probate a writing, alleged to be her will; this document, dated June 9, 1913, contains what is designated as the mark of the decedent. H. Albert Lauffer, the chief beneficiary and executor named in another testamentary writing, which also bears what purports to be the mark of Mrs. Byerly, appealed from the probate decree to the Orphans' Court, claiming that the paper of June, 1913, was a forgery. At hearing, after the testimony was closed, the last mentioned tribunal, of its own motion, sent a precept to the Common Pleas for the trial of several issues of fact; these were determined and the result duly certified, showing findings and judgment against the validity of the document under attack. After this, the Orphans' Court decreed that the order of the register "admitting the writing dated the 9th day of June,. 1913, to probate as the last will and testament of Catherine Ann Byerly, deceased,......be opened and...... vacated," and that the paper in question "be set aside and stricken off the record, it not being the will of Catherine Ann Byerly." This decree is appealed from by the

executor and the beneficiaries designated in the alleged will; they also appeal from the judgment entered in the Common Pleas. The two appeals have been argued together, and will be so disposed of here.

The appellants contend, inter alia, that, since no request was made by any party in interest, the Orphans' Court lacked power to send the issues involved to another tribunal, and that its action in so doing constitutes reversible error; further, that trial errors were committed in the Common Pleas which call for a reversal. It is unnecessary to the determination of this case, however, to pass upon the many interesting questions raised by these contentions; and, since our recent statute (Act of June 7, 1917, P. L. 415), revising and codifying the law of decedents' estates, deals with the subjects in hand, discussion thereof, in all probability, would serve no useful purpose in the future.

We say it is unnecessary to pass upon the questions concerning the right to send the issues to the Common Pleas, the form of such issues, and the course and conduct of the trial thereon, for in the opinion accompanying the decree setting aside the alleged will, the learned President Judge of the Orphans' Court more than once states that he reached his decision, to the effect that the writing in question was a forgery, and not the will of Catherine Ann Byerly, from the evidence taken before him at the hearing in that court; and he there asserts that the findings of the jury in the Common Pleas served only to strengthen the conviction which he already had on the material questions involved. In other words, the final decree of the Orphans' Court rests upon findings of fact sustained by evidence taken before that tribunal, and not upon the conclusions of the jury in the Common Pleas; hence, for all practical purposes, the case may be treated as though no precept for the trial of issues had gone out.

True, the learned counsel for appellants earnestly contend that, since the President Judge of the Orphans'

Court also specially presided at the trial in the Common Pleas, he must have been influenced by the latter proceedings; but, in view of his certificate to the contrary, this contention presents a psychological proposition which we are not called upon to decide. We have examined the evidence and are not convinced of manifest error in the findings of fact; and we see no other matter which requires or would justify a reversal.

In Appeal No. 3, the assignments are all overruled and the decree affirmed. Appeal No. 4, is dismissed. Appellants are to pay the costs in each instance.