# Cross's Estate.

*Wills — Probate — Issue devisavit vel non — Grant of issue — Request of parties—Trial in common pleas—Final decree—Interlocutory decree—Appeals—Time for taking appeals—Statutes—Codification of statutes—Acts of March 15, 1832, P. L. 133, 142; March 29, 1832, P. L. 190, 208; May 19, 1874, P. L. 206; May 9, 1889, P. L. 158, 159; May 19, 1897, P. L. 67, 68, and June 7, 1917, P. L. 415, 424.*

1. The rule that when reading codifying legislation, the law as therein written will be deemed to be the same as prior to the revision, unless the statute itself, or its history, shows clear intention to make changes, does not control where, in a so-called codification such as the Wills Act of June 7, 1917, P. L. 415, 424, provisions from several prior statutes, enacted under a somewhat different scheme of tribunals and appeals, are brought together in one section of the revised act for the purpose of application to an altered system, and where the section in question is in pari materia, with other allied, and to a degree interdependent, legislation containing substantial changes from the preëxisting law.

2. From a consideration of the relevant authorities, the early legislation, and existing acts relating to the trial and disposal of issues of fact in probate of will cases, and appeals therefrom, the Supreme Court has formulated the following rules:

Rule 1. The orphans' court has power of its own volition to send any issue of fact to the common pleas.

Rule 2. Where a substantial dispute exists on a material point of fact concerning the status of an alleged will or testamentary writing, and the evidence is of the probative value required by the decisions, the orphans' court must send such issue to the common pleas when requested so to do by any party in interest, if that request is made in due season.

Rule 3. After judgment entered on the verdict in the common pleas, so long as the judgment stands undisturbed, the findings of fact by the jury of that tribunal are conclusive on the orphans' court, (a) whenever the issue is of the class mentioned in Rule 2—whether sent to the common pleas on request or otherwise,—or (b) when it involves a decision of a fact upon which depends the jurisdiction of the orphans' court.

Rule 4. When the issue is in neither of the classes mentioned in Rule 3, and merely involves facts as to which the tribunal sending it desires advice, the result in the common pleas is not conclusive

in any sense, but, when the judgment on the verdict is not appealed from, if followed by the orphans' court, the Supreme Court may consider the findings of the jury as acquiesced in by appellant.

Rule 5. In cases falling within Rule 3, the date of the entry of the judgment in the common pleas marks the time from which the six-months period for taking an appeal runs, while, in cases within Rule 4, the date of the final decree in the orphans' court marks the date from which the judgment on the issue in the common pleas becomes final for purposes of appeal.

Rule 6. In the class of cases covered by Rule 4, where the verdict is not binding, the refusal of an issue will not be reviewed on appeal; but when the issue is granted, and the facts found thereon are adopted as the basis of a final decree by the orphans' court, the party thus aggrieved may appeal from such decree and at the same time appeal from the judgment of the common pleas on the feigned issue.

Rule 7. The refusal of an issue in cases covered by Rule 2, will be reviewed on appeal when the record shows, by evidence of the probative value required by the decisions, that a substantial dispute on a material question of fact exists, but not otherwise.

Argued May 8, 1923. Appeals, Nos. 313, 314 and 317, Jan. T., 1923, by Edwin M. Cherry et al., heirs at law, from judgment of C. P. Erie Co., Sept. T., 1919, No. 205, on verdict sustaining will, and appeals Nos. 316, 317 and 318, Jan. T., 1923, by same appellants, on decree of O. C. Erie Co., Feb. T., 1919, No. 160, sustaining findings of the Common Pleas in estate of C. W. Cross, alias Will Cross, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Issue devisavit vel non. Before Whittelsey, P. J. and McCormick, J., in the common pleas, and Clark, P. J., in the orphans' court. See 4, Erie Co., L. J. 322.

The opinion of the Supreme Court states the facts.

Verdict and judgment for proponents in the common pleas, and decree sustaining the judgment in the orphans' court.

Edwin M. Cherry et al., heirs at law, appealed.

*Errors assigned* were various instructions at the trial in the common pleas, quoting record, and decree of the orphans' court sustaining judgment of the common pleas.

*L. E. Torry,* with him *Milloy & Gilson,* for appellants. —Under the statutes which govern procedure in cases of this character, neither the register nor the orphans' court on its own motion could direct an issue to be framed and such issue could be granted only on request: Fow's Est., 9 Pa. C. C. R. 405; Foster's App., 87 Pa. 67; Fleming's Est., 265 Pa. 399; Wright's App., 8 Pa. 57; Bennett v. Hayden, 145 Pa. 586.

The appeal in the present case was taken to the final decree of the orphans' court after it had approved the proceedings growing out of the trial in the common pleas, and at the same time an appeal in the nature of a writ of error was taken to the judgment entered on the verdict in the common pleas. This is the proper practice: Cake v. Cake, 106 Pa. 472.

*C. C. Eaton,* of *Marsh & Eaton,* for appellees.—The orphans' court has power of its own volition to issue a precept to the court of common pleas directing an issue devisavit vel non: Thompson's App., 103 Pa. 603; Kates' Est., 148 Pa. 471; Schwilke's App., 100 Pa. 628; Cozzen's Will, 61 Pa. 196; DeHaven's App., 75 Pa. 337; Sharpless' Est., 134 Pa. 250; Berg's Est., 173 Pa. 647; Masson's Est., 198 Pa. 636; Keil's Est., 215 Pa. 464.

The orphans' court did not err in holding that the paper writing in question, though blurred and indistinct in part, fulfilled the requirements of the Wills Act and should be probated as decedent's will.

The appeal from the judgment entered in the court of common pleas was taken too late: Union Trust Co. v. Trust Co., 254 Pa. 385; Com. Trust Co. v. DuBruille, 243 Pa. 292; Buchanan v. Pierie, 205 Pa. 123.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 23, 1923:

Each of the three appellants in these cases attack, first, the judgment of the court of common pleas, entered on an issue submitted to it by the orphans' court, and, next, the decree of the latter tribunal upon the findings of the former. All six appeals were argued together and will be so disposed of in this opinion.

C. W. Cross died January 29, 1919, and immediately thereafter letters of administration were granted on his estate. March 10, 1919, an informally drawn paper, in a somewhat "blurred" condition, purporting to be the will of decedent, was presented to the register of wills; he certified the petition for probate to the orphans' court, under section 19 of the Act of June 7, 1917, P. L. 415, 424, on the ground that "disputable and difficult matters" were involved. After taking evidence, the orphans' court, of its own volition, sent an issue to the common pleas, and to the questions of fact thus submitted, the jury answered that the writing was legible, was executed with testamentary intent, and was signed in the chirography of decedent at the end thereof; in short, the jury found in favor of the alleged will (which names legatees to the exclusion of the three appellants, who are children of decedent's mother by a former marriage, and who, with three aunts, constitute his only heirs at law). The results of the trial in the common pleas were duly certified to the orphans' court and that tribunal accordingly directed the register to probate the paper in controversy as the will of decedent.

On the appeals from the orphans' court, the original order, certifying the issue to the common pleas, and the subsequent orders, adopting the verdict, revoking the letters of administration, and directing the probate, are assigned as error. On the appeals from the judgment in the common pleas, numerous alleged trial errors form the matters of complaint.

Motions are before us to quash the last-mentioned appeals on the ground that, the judgment in question having been entered January 17, 1921, appeals taken within six months thereafter having been discontinued, and the pending appeals not having been entered until February 23, 1923—a time beyond six months after the date of the judgment—they must fail under section 4 of the Act of May 19, 1897, P. L. 67, 68, which provides that appeals taken more than six months from the entry of the judgment "shall be quashed on motion," and under section 3 of the Act of May 9, 1889, P. L. 158, 159, which provides that "there shall not be any exemptions in favor of any person from the acts of assembly limiting the time within which......appeals......must be sued out." To this contention, appellants reply that their appeals from the judgment of the common pleas, having been taken within six months from the date of the final decree in the orphans' court, are in time and should not be quashed.

Since confusion appears to exist in the mind of the profession—owing, no doubt, in the first place, to the abolition of the registers' courts in 1874, then, to the granting of the right to a writ of error from judgment on feigned issues by the Act of 1848, next, the acts passed in 1889 and 1897 as to appeals, and, finally, the general revision of the laws governing decedents' estates enacted in 1917—as to the present status of the law on the points in hand, we deem it wise to take this opportunity of examining them at large, in order to deduce and put into practical form some relevant general rules.

The motions to quash raise questions which must be considered before those involved in the appeals from the orphans' court: with the former, however, we shall also discuss and determine certain matters arising out of the latter, namely, the right of the orphans' court, on its own volition, to certify the issue in this case to the common pleas, and the conclusiveness of the findings of the jury in the last-named tribunal; for these points are closely

allied to those before us on the motions to quash and can be disposed of to the best advantage in connection therewith.

The Orphans' Court Act of June 7, 1917, P. L. 363, 382, by section 21, paragraph (a), provides, that tribunal "shall have power to send an issue to the court of common pleas......for the trial of facts by jury *whenever [it] shall deem it expedient* so to do." This is immediately followed by paragraph (b), which states, "Whenever a dispute upon a matter of fact arises before any orphans' court on appeal from any register of wills, or on removal from any register of wills by certification, the said court shall, *at the request of either party,* direct a precept for an issue to the court of common pleas of the county for the trial thereof"; then comes the form of the precept, with a direction as to changes therein when necessary, and finally, these words: "And the facts established by the verdict returned shall not be reëxamined in any appeal."

Appellants contend that, no request having been made by any of the parties concerned, the orphans' court had no right, under the Act of 1917, to send the issue in this case to the common pleas; that, under paragraph (b) above, where the petition for probate of an alleged will has been certified by the register of wills to the orphans' court, issues of fact concerning the will and its probate cannot be submitted by the latter tribunal to the common pleas unless a request to that effect is made by some party in interest; and that, when section 21 of the Act of 1917 is construed as a whole in the light of prior legislation and the decisions thereon, it is apparent the power given to the orphans' court under paragraph (a), to submit issues of fact to the common pleas, is not intended to cover issues concerning either the testamentary status or validity of papers offered for probate,—which character of issues appellants contend are embraced exclusively in paragraph (b),—but rather issues of a sort different from the kind here involved.

It is our purpose to show that, according to the present law, the power of the orphans' court to send an issue to the common pleas in a contested will case is not dependent on the request of a party in interest, regardless of whether or not the granting of such issue by a register's court was so dependent under the Acts of 1832.

The report of the commissioners who drew the series of statutes passed in 1917 shows an intention to bring about uniform rules relating to the general subject in hand. Even if, under the several acts dealing with the subject of decedents' estates passed in 1832, differences existed, as between the power to be exercised by the register's court and that of the orphans' court, regarding the practice of submitting issues to the common pleas, the Act of 1917 now before us can be read, with the prior law in view, so as to accomplish uniformity in this regard; and, to advance the above-mentioned intention, it should be so construed. In this connection, we do not overlook the rule that, when reading codifying legislation, the law as therein written will be deemed to be the same as prior to the revision unless the statute itself, or its history, shows clear intention to make changes: Miles's Est., 272 Pa. 329, 339. It is apparent, however, that this rule does not control where, as here, in the so-called codification, provisions from several prior statutes (enacted under a somewhat different scheme of tribunals and appeals) are brought together in one section of the revised act for the purpose of application to an altered system, and where the section in question is in pari materia with other allied, and to a degree interdependent, new legislation containing substantial changes from the preëxisting law.

The following is one of the substantial changes last referred to, worked by the allied legislation of 1917: Under section 25 of the Act of March 15, 1832, P. L. 135, 142, the register of wills was required, "at the request of any person interested," to appoint a register's court (which consisted of the register and the judges of the

common pleas) to decide questions arising on the offer for probate of an alleged will; section 19 of the Register of Wills Act of 1917, P. L. 415, 424 (under which the present petition for probate came by certification to the orphans' court, instead of to the long-since-abolished register's court), is intended to take the place of section 25 of the Act of 1832 (see Report of Commissioners, p. 379), but the Act of 1917 contains a material change in that the register of wills may now certify a petition for probate to the orphans' court (which the Constitution of 1874 substituted for the register's court) without a request so to do, whereas, as we have seen, the old law required a request from a party in interest to inaugurate such a proceeding.

The change in the system existing under the statutes of 1832 with which we are here particularly concerned—permitting the court which reviews the acts of the register to send an issue in a will contest to the common pleas without a request so to do,—really occurred in 1874, when such matters were taken from the very limited powers of the register's court and placed within the broader jurisdiction of the orphans' court; that this is true and that the change in question is amply recognized by the acts of 1917, we shall show in the course of the present opinion.

When the law prior to the recent general legislation on the subject of decedent's estates is examined, we see that the various provisions contained in section 21 of the Orphans' Court Act of 1917 are taken, so far as paragraph (a) is concerned, from section 55 of the Orphans' Court Act of March 29, 1832, P. L. 190, 208, and so far as paragraph (b) is concerned, they are adopted from or suggested by sections 25, 31 and 41 of the Act of March 15, 1832, P. L. 135, 142, 144, 146, relating to registers and registers' courts. Of the last-mentioned sections, 25 authorizes the register, in certain instances, "at the request of any person interested," to appoint, and send an issue of fact to a register's court (abolished in 1874, and

its powers transferred to the orphans' court) ; section 31 provides for appeals from the register to the register's court; and section 41 authorizes the *register's court,* whenever "a dispute upon a matter of fact arises" before it, to send an issue to the common pleas, "at the request of either party." While, in the above-referred-to paragraph (a) of section 21 of the Act of 1917, the same words are employed as found in section 55 of the Act of March 29, 1832, supra, yet they are used in a system in which the orphans' court functions where the register's court did before, and, as previously stated, the several matters just enumerated from the other statute of 1832 are brought together in the Orphans' Court Act of 1917 and fitted into a system of courts and appeals differing in this and other particulars from that existing at the date of the old legislation; all of which must be considered when construing the legislation of 1917.

When the register's court was done away with by the Constitution of 1874, article V, section 22, provided that the orphans' court should possess "all the powers and jurisdiction" of the abolished tribunal (Union Tr. Co. v. People's Tr. Co., 254 Pa. 385, 389) ; this new jurisdiction was thus conferred on the orphans' court. When, however, matters theretofore handled by the register's court came to the orphans' court, they were subject not only to the various provisions of the Act of March 15, 1832, relating to registers and registers' courts, or such of them as could be consistently adjusted to the new arrangement, but also to the provisions of the Orphans' Court Act of March 29, 1832, and, at that time, the last-mentioned statute contained what is now paragraph (a) of section 21 of the Act of 1917, which gives the orphans' court broad jurisdiction to award issues in all instances where it deems such a course expedient. The Act of May 19, 1874, P. L. 206,—passed for the purpose of carrying into effect the constitutional abolition of the register's court (article V, section 22),—contains no abridgment of the powers of the orphans' court,—only an

extension of its jurisdiction; and to this extended jurisdiction, the rules,—statutory or otherwise,—previously existing in that tribunal, applied, rather than the narrower rules of practice theretofore controlling the register's court. In short, the obligation imposed on the orphans' court, to grant issues in contested will cases when so requested by parties in interest, did not take from that tribunal the general privilege theretofore enjoyed of awarding issues in connection with all matters under its jurisdiction whenever it deemed it expedient so to do; on the contrary, when issues such as these under discussion were brought within the jurisdiction of the orphans' court, they at once became subject to the privilege just mentioned.

We find no decision of this or the Superior Court denying to the orphans' court the right to grant issues at its discretion, hence conclude there is no substantial basis for appellant's contention that such right did not exist before the Acts of 1917 and, that therefore, the statute should be construed as not conferring it; but, even though it be granted that, at one time prior to 1917, under the statute governing the register's court, the awarding, in a contested will case, of an issue to the common pleas required a request so to do from a party in interest, the law has not demanded this since the abolition of the register's court in 1874, and, since the language employed in the present act can be read so as to make a uniform rule regarding the right of the orphans' court to proceed without such a request, it will be so construed.

We agree with the court below in reading section 21 of the Act of 1917 to mean that, under paragraph (a), the orphans' court has the power, of its own volition, to send any issue of fact, including those which concern either the status as a testamentary writing or the validity of an alleged will, to the common pleas for trial. While, under paragraph (b), in the particular class of cases there dealt with, the court must, whether it so desires

or not, send issues to the common pleas for trial whenever a substantial dispute over material issues of fact exists (Timmes's App., 237 Pa. 189, 191) and the request for the issue is made by an interested party in due season, yet it also has ample power, under paragraph (a), to so proceed without such request. The difference between the two paragraphs is this: Under the first, the court *may* grant the issue, whereas, under the second, if the facts so require, it *must* grant the issue; or, to put it in another way, section 21 of the Act of 1917 is so drawn that the general privilege of the orphans' court to submit issues to the common pleas is protected by paragraph (a), and the rights of the parties to insist on that course, under appropriate circumstances, in a particular class of cases, is protected by paragraph (b).

In Fleming's Est., 265 Pa. 399, 409, we mistakenly stated that Byerly's Est., 258 Pa. 410, holds "the orphans' court has no power to grant an issue in a will contest......unless there is a request therefor." As a matter of fact, in Byerly's Estate we expressly declined to pass on the question of the necessity for a request; and the above quotation from Fleming's Estate is purely dicta.

The courts will seek to maintain a difference in rules of law whenever there is a substantial reason back of the difference, but the law abhors a distinction without a reason. No apparent reason can be seen why, so far as the mere right to submit is concerned, there should exist a distinction between the privilege of the orphans' court to submit issues for the purpose of obtaining advisory findings and its privilege in relation to findings which it must accept as definitive (e. g., findings in will contests and those upon which the jurisdiction of the court depends); and, as we have hereinbefore decided, the law recognizes no such distinction. On the other hand, it is easy to see why, because of the difference in their respective natures, the law sets up and recognizes, as it does, limitations on the power of the orphans' court to

depart from findings of a definitive character after the common pleas has reduced them to judgment, although it makes no such rule as to mere advisory findings; and this distinction in the force of the findings, rather than any other consideration, makes a difference in the nature of the judgments entered thereon, as between their being interlocutory or final, which in turn affects the right of appeal. We shall now consider the several matters last referred to and some relevant governing rules.

When issues in a contested will case are sent for trial to the common pleas, the facts found must be accepted by the orphans' court as conclusively established, so long as the verdict of the jury stands undisturbed (Union Tr. Co. v. People's Tr. Co., supra, p. 390); this rule is due to the nature of the issue and in no way depends on whether or not it was sent to the common pleas at the request of one of the parties to the contest. To state the rule in another manner: Albeit, in sending the issue to the common pleas, the orphans' court exercises the power conferred by paragraph (a) rather than that dealt with in paragraph (b) of section 21 of the Act of 1917,—that is, even though the court acts of its own volition rather than on the request of a party in interest,—if the matter in hand involves a fact going to the status as a testamentary writing, or to the validity of an alleged will, then that part of paragraph (b) which says that the facts established by the verdict shall not be reëxamined, applies.

That such a rule as last mentioned may be applicable to issues sent, without request, by the orphans' court to the common pleas, under paragraph (a) of section 21 of the Act of 1917,—which is in the words of section 55 of the Orphans' Court Act of 1832,—is made plain by our opinion in Cutler's Est., 225 Pa. 167, 173, where we said that a verdict on the issue there involved "would have been more than advisory," adding, "unreversed, it would have been conclusive." There the issue concerned a fact on the determination of which the jurisdiction of the orphans' court depended. The case is valuable here as

showing that it is the character of the issue sent to the common pleas which determines whether or not the findings there made are conclusive upon the orphans' court, rather than the fact as to whether or not the issue was sent on request of a party in interest.

In all cases where the facts found by the jury in the common pleas must be taken as finally established by the judgment thereon, the date of the entry of the judgment marks the time from which the six-months' period for taking an appeal runs; whereas, in cases where the facts found are not conclusive, but are merely advisory to the orphans' court (e. g., see Green v. Mills, 103 Pa. 22), the six-months' period does not begin to run until the final decree is entered in the latter tribunal, for, until that court either accepts or rejects the verdict, it cannot be said that any one is harmed. Hence, in the class of cases where the findings are merely advisory, the judgment of the common pleas is treated, for purposes of appeal, as interlocutory, until the final decree of the orphans' court is entered.

Many cases have been called to our attention by appellants which hold that the writ of error, authorized by section 8 of the Act of April 10, 1848, P. L. 448, 450, to a feigned issue directed by the orphans' court, does not lie until the final decree has been entered in that tribunal. As stated above, in the last paragraph, this is true as to all issues where the orphans' court may disregard the verdict of the jury, but the rule does not control the other class of cases; wherever the verdict is conclusive until disturbed, the date of the entry of judgment thereon marks the time from which the period for taking an appeal runs. Here, the appeals from the judgment of the court of common pleas were entered too late and must be quashed.

Buchanan v. Pierie, 205 Pa. 123, and Com. Trust Co. v. DuBruille, 243 Pa. 292, are both instances of appeals from judgments on feigned issues in cases where such judgments were conclusive till set aside; in each of them,

the appeal seems to have been taken and pressed to argument in the Supreme Court before final action by the orphans' court. Paxson's Est., 225 Pa. 204, 208, is cited by appellants as an instance where, as here, both the appeals, from the common pleas and the orphans' court, were taken at one time and argued together in the Supreme Court. It will be observed, however, that Paxson's Estate is in the class of cases where the verdict of the common pleas is not conclusive; moreover, no judgment had been entered on the verdict at the time the common pleas appeal was taken, and, for this reason, we expressly refused to consider questions growing out of that appeal.

Our early decisions held that, on appeals from the final decree of the orphans' court, *in cases where the findings of the common pleas are merely advisory,* the Supreme Court had power to examine the whole proceedings even though no writ of error had been taken to the judgment on the verdict of the jury (Hallowell's App., 20 Pa. 215; Finney's App., 37 Pa. 323); but, later, in Shiffer's App., 4 Penny. 512, 516, we said that, in such cases, "When the definitive decree . . . . . . is made, then the party aggrieved may bring up his appeal therefrom, and at the same time his writ of error, and have the alleged errors in the trial of the issue reviewed," adding, "we cannot, on the appeal alone, review them"; and in Reed's App., 71 Pa. 378, 381, it is suggested that an appeal without a writ of error is tantamount to acquiescence in the judgment on the issue. It must be remembered, however, that in the class of cases where the findings on the issue are not conclusive, the orphans' court can refuse the advice they contain and dispose of the matters involved as it may deem wise, despite the judgment of the common pleas.

We have already determined, for the reasons before stated, that the orphans' court had power, under the Act of 1917, to send the issue here involved to the common pleas; and the facts there found, being in effect unap-

pealed from, must be accepted by us as final. Since these findings were conclusive on the orphans' court, its final orders, approving the verdict and remitting the record to the register of wills for the purpose of revoking the letters of administration, probating the will and granting letters testamentary, followed as a matter of course; which is all that need be said concerning the remaining questions raised on the appeal from the orphans' court. We may add, however, that the court below expresses its full concurrence in the findings made by the jury in the common pleas.

While comparatively few cases are mentioned herein, we have examined all those named by both sides, and many others; to cite or discuss them generally would unduly prolong what is already a lengthy opinion. It is sufficient to say, we have found none which either does not sustain, or cannot be explained consistently with, the conclusions above stated.

From our consideration of the relevant authorities, the early legislation on the subjects in hand, and the existing acts of assembly, we state the following general rules: (1) The orphans' court has power of its own volition to send any issue of fact to the common pleas. (2) Where a substantial dispute exists on a material point of fact concerning the status of an alleged will or testamentary writing, and the evidence is of the probative value required by our decisions, the orphans' court must send such issue to the common pleas when requested so to do by any party in interest, if that request is made in due season. (3) After judgment entered on the verdict in the common pleas, so long as the judgment stands undisturbed, the findings of fact by the jury of that tribunal are conclusive on the orphans' court, (a) whenever the issue is of the class mentioned in Rule 2,—whether sent to the common pleas on request or otherwise,—or (b) when it involves the decision of a fact upon which depends the jurisdiction of the orphans' court. (4) When the issue is in neither of the classes mentioned in Rule 3,

and merely involves facts as to which the tribunal sending it desires advice, the result in the common pleas is not conclusive in any sense, but, when the judgment on the verdict is not appealed from, if followed by the orphans' court, the Supreme Court may consider the findings of the jury as acquiesced in by the appellant. (5) In cases falling within Rule 3, the date of the entry of the judgment in the common pleas marks the time from which the six-months' period for taking an appeal runs, while, in cases within Rule 4, the date of the final decree in the orphans' court marks the date from which the judgment on the issue in the common pleas becomes final for purposes of appeal. (6) In the class of cases covered by Rule 4, where the verdict is not binding, the refusal of an issue will not be reviewed on appeal (Thompson's App., 103 Pa. 603, 607); but when the issue is granted, and the facts found thereon are adopted as the basis of a final decree by the orphans' court, the party thus aggrieved may appeal from such decree and at the same time appeal from the judgment of the common pleas on the feigned issue (Green v. Mills, 103 Pa. 22). (7) The refusal of an issue in cases covered by Rule 2 will be reviewed on appeal when the record shows, by evidence of the probative value required by our decisions, that a substantial dispute on a material question of fact exists, but not otherwise (Fleming's Est., 265 Pa. 399, 406; Tetlow's Est., 269 Pa. 486, 495-6).

The decree of the orphans' court is affirmed at the cost of the respective appellants, and the appeals from the judgment of the court of common pleas are quashed.