## Bellows's Estate.

*Wills—Probate—Signature—Forgery — Evidence — Substantial dispute.*

1. Where there is no substantial dispute upon a material question of fact, the orphans' court will not award an issue devisavit vel non.

2. Where strong direct testimony favors the genuineness of a signature to a will, mere meagre proofs of a forgery, which are insufficient to sustain a finding against the will, do not justify the court in awarding an issue.

Argued September 24, 1923. Appeal, No. 144, Oct. T., 1923, by Elizabeth Bellows, sister of decedent, from decree of O. C. Venango Co., April T., 1922, No. 92, refusing an issue d. v. n. in estate of Edward E. Bellows, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for issue d. v. n. Before CRISWELL, P. J.
The opinion of the Supreme Court states the facts.
Issue refused. Elizabeth Bellows appealed.

*Error assigned* was, inter alia, decree, quoting it.

*J. V. Frampton,* with him *A. B. Jobson* and *J. H. Courtney,* for appellant.—The evidence presents a substantial dispute on a material question of fact: Historical Society v. Kelker, 226 Pa. 16; Timmes' App., 237 Pa. 189; Graham's Est., 225 Pa. 314; Cozzen's Will, 61 Pa. 196; Byerly's Est., 258 Pa. 410; Tetlow's Est., 269 Pa. 486.

*Arthur R. Thompson,* for appellee.—The issue was properly refused: Masson's Est., 198 Pa. 636; Fuller's Est., 222 Pa. 182; Cozzen's Will, 61 Pa. 196; Draper's Est., 215 Pa. 314; Kane's Est., 206 Pa. 204; Logan's Est., 195 Pa. 282.

PER CURIAM, January 7, 1924:

This is an appeal from a decree of the orphans' court directing the probate of a document purporting to be the last will of Edward E. Bellows, and refusing to grant an issue devisavit vel non.

Testator died April 21, 1922, survived by his widow (the proponent of the alleged will, as well as sole beneficiary under it), a brother and three sisters, one of the latter of whom is the contestant.

To establish the validity of the instrument, proponent produced a number of witnesses, whose testimony, uncontradicted by any direct evidence of the con-

testant, tended strongly to establish the following facts: On April 8, 1922, Mr. Bellows, having been ill six weeks with sleeping sickness, and advised by his physician that he might not recover, executed the will in question, together with a deed and power of attorney, in the presence of his wife and two attesting witnesses, all of whom testified; a few days later, when acknowledging the two latter instruments before a notary, decedent stated orally that, at the time he signed them, he had also made a will leaving everything to his wife.

Contestant maintains that the signature to the proposed will is a forgery, and that, if it be genuine, it was procured by undue influence. The latter contention is not pressed in this court, and the record is devoid of any evidence to sustain it.

In proof of her allegation of forgery, contestant, with her brother and a sister,—all interested parties,—took the stand and gave their opinion that the disputed signature was not genuine, but they could point out no particular feature of the writing on which this view was based. The discrediting testimony chiefly relied on by contestant, however, is that of a handwriting expert who compared the autograph in question with others, admittedly genuine but by no means made at a time contemporaneous with it. He testified that, in his opinion, the disputed signature was a forgery because it had inherent qualities inconsistent with the conditions under which it was alleged to have been made,—it was too forceful and too careful for a weak invalid to have written in bed. The contrary opinion, expressed by four disinterested witnesses familiar with decedent's signature, is fortified by testimony both of the attesting witnesses and of a medical specialist who examined decedent on the day preceding the date of the will; the latter stated that, in his opinion, Mr. Bellows's signature would not be shaky as he had no tremors, and that the muscular weakness of sleeping sickness is in the eyes more than the arms. Moreover, according to uncontro-

verted testimony, the decedent, in practicing writing his name just before signing the will, remarked, "I can write better now than when I was well." Even though a man be physically weak, and propped up in bed as he writes, it is not unnatural, when he is about to affix his name to so important a document as his last will and testament, for him to summon his strength for a moment and write his signature with its usual force and accuracy.

Under all the evidence, of which we have here reviewed merely the salient features, it is clear that the conclusion of the orphans' court is the only reasonable one. When viewed in the light of the strong direct testimony favoring the genuineness of the signature, the meagre proofs of a forgery relied on by appellant are insufficient to sustain a finding against the will, and hence there is no substantial dispute upon a material question of fact: Fleming's Est., 265 Pa. 399, 406; Tetlow's Est., 269 Pa. 486, 494, 495. Under the circumstances, this court will not further consider the refusal of an issue devisavit vel non. See Rule 7 laid down in Cross's Est., 278 Pa. 170.

The assignments of error are overruled, and the decree is affirmed, at cost of appellant.