## Belt's Estate.

*Wills—Probate—Issue devisavit vel non—Hearing on pleadings without evidence—Practice, O. C.—Statutes—Acts of March 15, 1832, and June 7, 1917.*

1. An issue *devisavit vel non* will not be granted upon the pleadings alone; there must be a substantial dispute on a material question of fact arising from the evidence.

2. On an appeal from the decision of the register of wills admitting a will to probate, though the contestants demand a hearing on their petition for an issue *devisavit vel non*, and the proponent's answer, without taking testimony, an issue will be refused and the appeal dismissed.

3. Paragraph (b) of section 21 of the Orphans' Court Act of June 7, 1917, P. L. 363-382, is a re-enactment of section 41 of the Act of March 15, 1832, P. L. 146, and the decisions construing the earlier section are applicable to the re-enactment.

Citation to show cause why an issue *devisavit vel non* should not be awarded on appeal from the probate of the will of Mary A. Belt, late of the City of York, deceased. O. C. York Co.

*George S. Love*, for contestants.
*William A. Allen* and *Allen C. Wiest*, for proponents.

WANNER, P. J., Jan. 27, 1924.—The contestants of the will of Mary A. Belt, deceased, having filed their petition for an issue *devisavit vel non*, the proponents filed an answer thereto, denying all the material facts alleged therein in support of the demand for said issue. The court, at the instance of the proponents, then granted a rule for the taking of testimony and ordered it to be concluded within a fixed time. The contestants, however, took no testi-

mony, and the proponents not being obliged under these circumstances to take any, the case was heard on petition and answer alone.

It is contended that the Orphans' Court is bound to grant an issue on the allegations of the petition alone, under the provisions of section 21, par. *(b)*, of the Orphans' Court Act of June 7, 1917, P. L. 363-382, which provides as follows: "Whenever a dispute upon a matter of fact arises before any Orphans' Court, on appeal from any register of wills, or on removal from any register of wills by certification, the said court shall, at the request of either party, direct a precept for an issue to the Court of Common Pleas of the county for the trial thereof."

This section of the Orphans' Court Act of 1917 is a re-enactment of the provisions of section 41 of the Act of March 15, 1832, P. L. 146, and there are numerous decisions construing said section of the Act of 1832, which are, therefore, applicable in cases of this kind now arising under the provisions of the Orphans' Court Act of 1917.

It was held in Harrison's Appeal, 100 Pa. 458, that an issue *devisavit vel non* should not be granted on the pleadings alone without supporting testimony from which the court may determine whether there actually is a sufficiently material dispute as to relevant and pertinent facts to require the granting of an issue for its determination. in the Common Pleas. In other words, there must be a dispute in the evidence submitted to the court and not merely in the allegations and denials of the pleadings, because the latter do not constitute such an issue of fact as is contemplated by section 41 of the Act of March 15, 1832, P. L. 146, which was the statute in force at the time of this decision. See, also, Yorke's Estate, 185 Pa. 61.

In Phillips's Estate, 244 Pa. 35-42, the court, in affirming the refusal of the Orphans' Court to grant an issue, said: "The absolute right of the parties to a trial by jury depends on the strength of their evidence, and to determine that, on an application for an issue, the Orphans' Court must hear and weigh the proofs as a whole," citing Harrison's Appeal, 100 Pa. 458, and Brink *v.* Brady, 224 Pa. 116-120.

Those decisions clearly indicate the status of the law on the subject of granting issues in will cases under the provisions of the Act of March 15, 1832, P. L. 146.

It is apparent from the re-enactment of the provisions of section 41 of the Act of 1832, in the Orphans' Court Act of 1917, that the legislature did not intend to change the rules of law then governing the Orphans' Court in the granting of issues in disputed will cases. This conclusion is sustained by the decisions of the appellate courts since the passage of the latter act.

The subject was fully reviewed by Chief Justice von Moschzisker in Tetlow's Estate, 269 Pa. 486 (1921), who said, *inter alia* (page 495) : "Under the most excellent system which has developed in Pennsylvania, the right of either party to an issue depends upon whether there is a substantial dispute upon a material matter of fact, and that point the court must determine from a review of all the proofs adduced."

In the very recent case of Cross's Estate, 278 Pa. 170, the Chief Justice again reviews the field of legislation on this subject, including the Wills Act of June 7, 1917, P. L. 403, and the decisions both before and since its passage, and formulates for the future guidance of bench and bar seven definite rules of practice, under the law as it now stands, "relating to the trial and disposal of issues of fact in probate of will cases and appeals therefrom." Rule No. 2 is as follows: "Where a substantial dispute exists on a material point of fact concerning the status of an alleged will or testamentary writing, and the

evidence is of the probative value required by our decisions, the Orphans' Court must send such issue to the Common Pleas, when requested so to do by any party in interest, if that request is made in due season."

It will be observed that the rule only provides that the Orphans' Court *must* direct an issue to the Common Pleas on the request of an interested party, where the evidence offered to induce such action by the court "is of the probative value required by the decisions."

There is no intimation in this or any other of these rules of any right of the contestant to demand, or any duty of the court to grant, an issue merely on the allegations of the pleadings. The rule is, in our opinion, distinctly confirmatory of the former rulings of the courts in the cases above cited, viz., that without sufficient supporting testimony to sustain it, the contestants' application for an issue should be refused by the Orphans' Court.

That such is the proper construction of Rule No. 2, *supra*, is further indicated by the fact that Rule 7 only provides for a review of the Orphans' Court refusal to grant an issue, "when the record shows by evidence of the probative value required by the decisions that a substantial dispute on a material question of fact exists."

There is no such evidence in this record, and the inference from the provisions of this rule is that, in such cases, the issue should be refused, and that there is no right of appeal from such a decision.

And now, to wit, Jan. 7, 1924, the application for an issue is refused and the appeal is dismissed, at the cost of the appellants.

From Richard E. Cochran, York, Pa.