## Dumontier's Estate.

*J. M. Sherwin* and *W. S. Carroll*, for administrator.
*W. Pitt Gifford*, for alleged heirs; *Sisson & Sisson*, for escheator.
*Isaac J. Silin*, for claimant; *Enoch C. Filer*, for surety.

CLARK, P. J., September 15, 1930.—Exceptions were filed to the action of the court in directing that the controversy of whether there was an escheat or not be certified to the common pleas.

The jurisdiction of the orphans' court in escheat proceedings was conferred by the Act of May 2, 1889, P. L. 66, and not by any prior legislation.

The orphans' court does not have exclusive jurisdiction; proceedings may be carried on in that court, the several common pleas courts, in some instances instituted in the Common Pleas of Dauphin County and in the Supreme Court, and when "instituted in the Supreme Court, such issue or issues shall be certified to, and shall be tried by, the court of common pleas of such county as the Supreme Court shall designate."

The act cited above provides that "Whenever any proceedings in escheat shall have been instituted or shall be pending in any court of this Commonwealth, and there shall be any disputed fact or facts touching said escheat, then and in that case, the said court shall, upon application of the escheator, or any other person interested or claiming to be interested in the said proceedings, prior to the filing of a finding or adjudication therein, frame an issue or issues to determine said disputed question or questions of facts, which said issue or issues shall be tried in the court of common pleas of the same county in which the proceedings in escheat shall have been instituted."

The proceedings in escheat were instituted in the Orphans' Court of Erie County, Pennsylvania. There are disputed facts touching the said escheat. There has not been any filing of a finding or adjudication thereon. A person interested and claiming to be interested in the escheat proceedings has made application for an issue or issues to be framed for trial in the common pleas; he holds a judgment against the estate.

The act provides that "said issues shall be tried in the court of common pleas of the same county in which the proceedings in escheat shall have been instituted."

In the instant case, all the essentials exist for the certification of the question of the escheat to the Common Pleas of Erie County, Pennsylvania.

In the argument on the exceptions counsel did not cite any judicial decisions bearing upon the duty of the court arising from the directions of the act relating to the framing of an issue or a certification to the common pleas.

Presumably, the language of the act is so plain that there was not any doubt concerning its interpretation, and any question for the court's consideration was never raised.

We regard the provisions of the act as mandatory, have followed them and must continue to do so. The act must be strictly complied with, so that the final adjudication may be valid. The Supreme Court has said that the act requires certain action in the common pleas relative to escheat.

"The orphans' court shall have power to send an issue to the court of common pleas of the same county, for the trial of facts before a jury, whenever they shall deem it expedient so to do:" Act of June 7, 1917, P. L. 363, section 21 (a).

They can do so of their own volition and must in a certain class of cases: Cross's Estate, 278 Pa. 170, 179.

In the case under consideration there was a request for an issue under the provisions of the Act of May 2, 1889, P. L. 66.

And now, to wit, September 15, 1930, the exceptions are dismissed and the issue is directed to be framed and filed as of this date.

From Otto Herbst, Erie, Pa.