## Livezey's Estate

*Paul M. Rosenwey*, for exceptant.
*Paul V. Forster*, contra.

STEARNE, J., March 18, 1938. — Curiously enough, exceptant objects to an award of an issue devisavit vel non, which she herself requested. The reason assigned is that the hearing developed no substantial dispute. The charge is that the codicil was forged by contestant's own mother, the widow of decedent. The proof consisted of an alleged confession made by the mother to a nurse, and the opinion evidence of a handwriting expert, a bank clerk, and of petitioner. No testimony was offered by proponent.

What the learned counsel for exceptant obviously overlooks is that under section 21 (a) of the Orphans' Court Act of June 7, 1917, P. L. 363, as amended by the Act of July 1, 1937, P. L. 2665, the orphans' court, of its own volition, may send any issue of fact to a jury. Where a substantial dispute exists under certain circumstances, the orphans' court must award an issue, upon request. See opinions of former Chief Justice Moschzisker in Cross' Estate, 278 Pa. 170, and Mr. Chief Justice Kephart in Pusey's Estate, 321 Pa. 248, 267.

We have reviewed this record with considerable care. The reluctance of Judge Klein to accept as verity the testimony of contestant's witnesses, even though they were uncontradicted, is readily discerned. There are many elements in the alleged confession, and the time of its disclosure, that may well go to the credibility of the witness. Furthermore, the rest of the testimony was purely opinion evidence. We thoroughly agree, in the circumstances of this most peculiar and ancient case, that a jury should pass upon this serious allegation. The wisdom of the judge's decision is further manifest when it is remembered that he did not see and hear any of the witnesses, but was relegated to the record of a preceding hearing judge.

The exceptions are dismissed, and the order of December 31, 1937, is made absolute.