## Pewters' Estate

Before Van Dusen, P. J.; Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*John W. Shea* and *David L. German,* for contestants.

*Charles Marcel Mosser, Richard E. McDevitt, Joseph J. Tunney,* and *Robert T. McCracken,* for proponents.

HUNTER, J., June 21, 1946.—An issue devisavit vel non was awarded by this court upon the question of whether a will was signed by the mark of decedent and his name subscribed in his presence and by his direction and authority.

A first trial resulted in a verdict for contestants, whereupon a new trial was granted upon motion of proponents.

Upon second trial the jury brought in a verdict for proponents and contestants' motion for judgment n. o. v. and new trial are now before us.

The will was drawn by John W. Happel, a friend of long standing, who was in the real estate business. Proponents are two nieces who are named residuary legatees. Other nieces and nephews, grandnephews and grandnieces are contestants.

A charge of undue influence was abandoned by contestants, and there was no support for their charge of testamentary incapacity. The contest was thus resolved into a question of due execution, and the issue submitted to the jury was simply whether the requisites of execution by mark had been complied with.

Proponents were unfortunate in the death of John W. Happel, the scrivener and one of the subscribing witnesses. Contestants did not raise the question of due execution in the pleadings, nor at the preliminary hearing upon appeal until after proponents' witnesses had testified as to the execution. Their testimony was uncertain and in some instances contradictory as to the authority to subscribe testator's name, and as to whether the placing of the mark preceded the subscription of the name. Some six or seven years had elapsed from the time of execution and the details were not clear in the memory of the witnesses. The court, in reviewing the testimony taken upon preliminary hearing, determined that there was a substantial dispute as to the facts of execution, and awarded an issue.

At the trial the witnesses who had been uncertain in their testimony upon preliminary hearing were refreshed in their recollection and satisfactorily removed their contradictions. Witnesses are permitted to change or supplement their testimony: Morris Will, 349 Pa. 387. The trial judge property submitted for determination of the jury whether such testimony was worthy of belief.

There is no basis for a judgment for contestants n. o. v. There was ample evidence that the name of testator was subscribed in his presence and by his direction and authority, and that the will was executed by the mark of testator. This evidence was believed by the jury and fully sustains the verdict.

In support of their motion for a new trial contestants complain that the trial judge rephrased the question directed by the court en banc to be submitted to the jury, so that it differed from its original form. The question as first directed was:

"Do you find that the writing dated September 3, 1937 was signed by the mark of Harry Pewters, and his name subscribed to said writing in his presence and by his direction and authority?"

The question as submitted by the trial judge was:

"Was the signature of Harry Pewters written on the instrument dated September 3, 1937 by someone in his presence and by his direction and authority, and did he on the same occasion put his cross-mark thereon?

The variation in the form of the question was not material and the change made by the trial judge was not unfavorable to either party. The question as submitted clearly outlined the issue for the jury's consideration and the contestants were not prejudiced thereby. Furthermore, the question was presented to the contestants for their approval before it was submitted to the jury and no objection was made by them at that time.

Contestants complain also that the trial judge unduly limited them in their cross-examination of Jennie Cole, preventing them from placing before the jury contradictions sufficient to greatly reduce and discredit her credibility. This attempted cross-examination had reference to whether the witness and testator attended a funeral on the day of execution of the will

or some other day. The trial judge was correct in excluding such examination. The alleged fact had no relevancy to the question at issue and could not be brought into the case under the guise of discrediting the witness.

Contestants contend also that the trial judge should have permitted them to show the physical and mental condition of testator at the time the will was executed—whether he could have understood the execution of the will at that time.

The trial judge properly excluded such testimony. At the preliminary hearing the question of testamentary incapacity was raised and contestants' witnesses heard with reference thereto. As hereinbefore stated an issue on this ground was refused. The inability of testator to sign his name was due to illiteracy and not to physical incapacity. The mental and physical condition of testator was normal for a man of his age, and there could be no doubt that he had full capacity to understand what took place at the time of execution of the will. No ground can be found for the admission of such testimony. Its injection into the contest would have confused the jury and distracted their attention from the real question which was submitted for their consideration.

In our opinion the trial judge properly instructed the jury upon the applicable principles of law, and was fair and accurate in his presentation to them of the facts and the evidence. The charge was just between the parties, and he cannot be convicted of error by the citation of isolated sentences which, when considered in connection with the charge as a whole, could not have conveyed an erroneous meaning to the jury.

As pointed out in a recent opinion of the Supreme Court in Stewart Will, 354 Pa. 288, an issue devisavit vel non differs from the ordinary action at law where the jury is the sole judge of the facts. Mr. Justice Jones said, page 295:

". . . in the trial of an issue *devisavit vel non,* where the trial judge sits as a chancellor, his conscience must be satisfied with the justness of the verdict on the basis of all of the evidence. If the chancellor is not so satisfied, he may set aside the verdict even though it might otherwise be found sustainable solely upon the facts and inferences most favorable to the verdict. Once the chancellor approves and accepts the verdict, it becomes binding in the will contest in the Orphans' Court as determinative of the fact so established: *Cross's Estate,* 278 Pa. 170, 184, 122 A. 267. But, " 'In every case tried before a jury in which the trial judge sits as a chancellor, the evidence is addressed to him quite as much as to the jury—it must as a whole be judged by him independently of the jury—must satisfy his (legal) conscience as well as the jury—and cannot be rightfully submitted to the jury as a basis of any finding which he would not approve; in a word, he cannot permit the jury to do what he as a chancellor (after weighing the evidence in the light of the established law upon the subject) would not do.' ": *Phillips' Estate,* 244 Pa. 35, 42, 90 A. 457, quoting with approval from opinion of Judge Endlich in *Caughey v. Bridenbaugh,* 208 Pa. 414, 415, 57 A. 821, affirmed per curiam."

The trial judge has expressed his satisfaction with the verdict, and in our opinion the verdict is justified by the evidence.

Motions for judgment n. o. v. and for new trial are refused and judgment is directed to be entered on the verdict. The appeal from the decree of the register of wills admitting to probate a certain writing dated September 3, 1937, as the last will and testament of Harry Pewters, deceased, is dismissed, and the record of probate is remitted to the register.