Dissenting Opinion by
Packel, J.:
This is a bastard proceeding in a double sense. What began as a civil proceeding in bastardy under The Pennsylvania Civil Procedural Support Law[1] was turned into a criminal prosecution. The court below had entered an order dismissing the case as a criminal proceeding but later rescinded that order because the original plaintiff had not been given any notice of that step in the proceeding.
The appellant claims that the rescission order was improper. To uphold that claim would create an injustice. For then the original plaintiff, because of errors made in treating her civil action as a criminal one, through no fault of hers, will have lost her day in court. The original order which would have effectively ended the litigation with no notice thereof to the original plaintiff, would have deprived her of due process of law. Hence the court below properly rescinded the order. Due process requires that a party be given notice of every new step in the proceeding, and a reasonable opportunity to be heard. Griffin v. Griffin, 327 U.S. 220 (1946).
The underlying problem stems from Commonwealth v. Dillworth, 431 Pa. 479, 246 A. 2d 859 (1968), which held that the defendant in a suit where paternity was in issue has a right to a jury trial. That decision was *447 improperly interpreted in the conrt below to mean that any support suit in which the putative father denied paternity required a criminal proceeding on that issue. Hence the effort to make the case at bar over into a criminal one. In Commonwealth v. Jacobs, 220 Pa. Superior Ct. 31, 279 A. 2d 251 (1971), however, this Court rejected that interpretation. Since the defendant in Jacobs did not request a jury trial and, in fact, preferred the determination of paternity to be made in the civil action, this Court saw no reason to force the parties into an unnecessary criminal proceeding. Thus under the Jacobs analysis, the lower court in this case should not have treated the defendant as though he were held on criminal charges. The issue of paternity should instead have been determined by the court as authorized by The .Civil Procedural Support Law with a right to a jury trial on the issue of paternity.
If appellant claims his right to a jury trial, Dill-worth prohibits denying him such a trial on the paternity issue. But there is no need to convert the case into a criminal one to satisfy that requirement. Our judicial machinery is not so inflexible that the civil proceeding in the court below could not have been handled by that court either holding the jury trial or transferring it, as in this case, to the criminal side of the court but solely for a jury trial to determine the issue of paternity.[2]
The case should be remanded to the court below for further proceedings in accordance with this dissenting opinion.
Weight, P. J., and Ceecone, J., join in this dissenting opinion.

 Act of July 13 1953, P.S. 431, as amended, 62 P.S. §§2043.31-2043.44.

 Compare the old orphans’ conrt practice of transferring issues of fact to the common pleas court. See Cross’s Estate, 278 I’a. 170, 184, 122 A. 267 (1923).